Nancy H. **STEORTS**, Appellant,

v.

**AMERICAN AIRLINES, INC.**

No. 79–1215.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 14, 1979.

Decided Feb. 19, 1981.

Thomas A. Guidoboni, Washington, D. C., with whom Michael F. X. Dolan, Washington, D. C., was on brief, for appellant.

George E. Farrell, Washington, D. C., for appellee.

Before ROBINSON and WILKEY, Circuit Judges, and HOWARD T. MARKEY, Chief Judge,* United States Court of Customs and Patent Appeals.

Opinion for the Court filed by Circuit Judge Spottswood W. Robinson, III.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

This case comes before us on appeal from an order of the District Court dismissing an action by Nancy H. Steorts against American Airlines as one barred by the Virginia statute of limitations.[1] Our review leads us to the conclusion that the District Court should have applied the statute of limitations of the District of Columbia. Since, measured by the latter, Steort's suit was timely, we reverse the order of dismissal and remand the case for further proceedings.

I

Steorts seeks damages for injuries allegedly sustained on October 11, 1975, when an American airliner made an emergency "belly-landing" at Dulles Airport, in Virginia.[2] Steorts was a passenger on the flight, which originally was bound from Toronto, Canada, to Washington National Airport.[3] The plane was diverted to Dulles when the pilot was unable to lower its landing gear,[4] and after set-down the passengers were evacuated by emergency chute.[5] Steorts contends that as a consequence of the forced landing and subsequent debarkation procedure, she sustained severe injuries, including a thorocodorsal sprain of the spine and mental anguish.[6]

On October 11, 1978, exactly three years after the incident, Steorts filed suit against American in the District Court, invoking diversity jurisdiction.[7] Her complaint charged a lack of due care by the airline in maintaining and operating the plane, and by airline personnel in executing the emergency exit procedures.[8] In response, American moved to dismiss, contending that litigation of these claims was precluded by the Virginia statute, which requires commencement of actions for negligence within a two-year period.[9] Steorts urged that she should be permitted to go forward with her suit because the District of Columbia's three-year limitation was controlling.[10]

The District Court agreed with American, and entered an order of dismissal.[11] In the view that "[t]he law of this Circuit is unsettled" with respect to the choice-of-law component of limitation problems,[12] the court turned to other factors and concluded that "compelling policy considerations militate against applying the District of Columbia's

---

* Sitting by designation pursuant to 28 U.S.C. § 293(a) (1976).

1. *Steorts v. American Airlines*, Civ. No. 78–1897 (D.D.C. Dec. 21, 1978), Appendix to Brief for Appellant (App.) 12.

2. Appellant's Complaint (Complaint), count 1, ¶ 6, App. 2.

3. *Id.* ¶ 5, App. 2.

4. *Id.*

5. *Id.* count 2, ¶ 2, App. 3.

6. *Id.* count 1, ¶ 8, count 2, ¶ 3, App. 3.

7. *Id.* count 1, ¶ 3, App. 3. See 28 U.S.C. § 1332 (1976). See also note 17 *infra*.

8. Complaint, count 1, ¶ 8, count 2, ¶ 2, App. 3.

9. Appellee's Motion to Dismiss, App. 5. See Va.Code § 8.01–243 (1977 repl. vol.).

10. Appellant's Opposition to Motion to Dismiss, App. 9. D.C.Code Ann. § 12–301 (1973).

11. *Steorts v. American Airlines, supra* note 1, App. 12.

12. *Id.* at 1, App. 12.

law of limitations to this case." [13] In essence, the court felt that to do so "would induce the worst type of forum-shopping," [14] and "that the better rule to apply in this case [was] the 'substantial interest' test." [15] Adopting this approach, the court held "that Virginia is the jurisdiction whose interests are most directly affected by this action;" [16] since Virginia's two-year period had run, the court granted American's motion to dismiss. [17] We find that the application of the Virginia statute in this case necessitates reversal.

## II

Prior to 1971, the federal courts in the District of Columbia were authoritative expositors of local as well as federal law, [18] and ascertainment of the applicable statute of limitations was a process guided solely by conflict-of-laws principles. [19] The situation changed radically when, in the early 1970's, Congress restructured the District of Columbia courts, [20] and reposed in them full responsibility for the development of the District's own law. [21] From then onward, the relationship of the federal to the local judiciary was to be akin to that historically existent in the states.

It was against this backdrop that in *Lee v. Flintkote Co.*, [22] decided after the District Court's dismissal of the instant case, we held that the principles of *Erie Railroad Co. v. Tompkins* [23] are to be followed analogously by federal courts adjudicating diversity actions in the District of Columbia. [24] *Erie* clearly mandates that in

**13.** *Id.*

**14.** *Id.*

**15.** *Id.* at 2, App. 13.

**16.** *Id.*

**17.** As the District Court noted, Steorts is a Maryland resident while American Airlines is a Delaware corporation doing business throughout a large part of the United States; consequently, many federal courts may be open to appellant. Cognizant of this situation, the District Court assumed without deciding that venue is properly laid in the District of Columbia. *Steorts v. American Airlines, supra* note 1, at 1, App. 12. No question in this regard is raised on the instant appeal.

**18.** See *Church of Scientology v. Foley*, 640 F.2d 1335 (D.C.Cir. 1981) at 1343 & n.63 (dissenting opinion); *Thompson v. United States*, 179 U.S.App.D.C. 76, 78–80, 548 F.2d 1031, 1033–1035 (1976).

**19.** See *Nyhus v. Travel Management Corp.*, 151 U.S.App.D.C. 269, 272 n.11, 466 F.2d 440, 443 n.11 (1972); *Fox-Greenwald Sheet Metal Co. v. Markowitz Bros., Inc.*, 147 U.S.App.D.C. 14, 25, 452 F.2d 1346, 1357 (1971); *Filson v. Fountain*, 90 U.S.App.D.C. 273, 274, 197 F.2d 383, 384 (1952); *Universal Airlines, Inc. v. Eastern Air Lines, Inc.*, 88 U.S.App.D.C. 219, 223, 188 F.2d 993, 996 (1951); *Kaplan v. Manhattan Life Ins. Co.*, 71 App.D.C. 250, 252–253, 109 F.2d 463, 465–466 (1939); *Wells v. Alropa Corp.*, 65 App. D.C. 281, 282, 82 F.2d 887, 888 (1936).

**20.** District of Columbia Court Reorganization Act of 1970, Pub.L.No.91–358, tit. I, § 111, 84 Stat. 475 (1973).

**21.** See *Church of Scientology v. Foley, supra* note 18, at —— & n.63 (dissenting opinion); *Thompson v. United States, supra* note 18, 179 U.S.App.D.C. at 80, 548 F.2d at 1035; *Bethea v. United States*, 365 A.2d 64, 71 (D.C.App.1976), *cert. denied*, 433 U.S. 911, 97 S.Ct. 2979, 53 L.Ed.2d 1095 (1977); *District of Columbia v. Schwerman Trucking States*, 327 A.2d 818, 820–821 (D.C.App.1974); *Small v. United States*, 304 A.2d 641, 643 (D.C.App.1973); *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C.App. 1971).

**22.** 193 U.S.App.D.C. 121, 593 F.2d 1275 (1979).

**23.** 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

**24.** *Lee v. Flintkote Co., supra* note 22, 193 U.S.App.D.C. at 124–125 n.14, 593 F.2d at 1278–1279 n.14. We subsequently adhered to this position in *Tuxedo Contractors, Inc. v. Swindell-Dressler Co.*, 198 U.S.App.D.C. 426, 428 n.14, 613 F.2d 1159, 1161 n.14 (1979). In *Lee*, we explained that this rule is not compelled by *Erie* itself since the statutory and constitutional considerations underlying *Erie* have no direct force with respect to the District of Columbia. See 193 U.S.App.D.C. at 124–125 n.14, 593 F.2d at 1278–1279 n.14. We held, nevertheless, that furtherance of "the dual aims of *Erie* : discouraging forum shopping and promoting uniformity within any given jurisdiction on matters of local substantive law," *id.*, and the deference due to the District of Columbia Court of Appeals as the highest court of the District require the federal courts here to abide by the guidelines established by *Erie* and its progeny.

diversity cases the substantive law of the forum controls with respect to those issues which are outcome-determinative,[25] and it is beyond cavil that statutes of limitations are of that character.[26] Similarly, the forerunning question of the statute applicable—in this case that of Virginia or that of the District of Columbia—depends upon the forum's choice-of-law rules, which also are substantive for *Erie* purposes.[27]

■ Thus, the adjudicative pivot at this stage of the litigation is the choice-of-law canon utilized by the courts of the District of Columbia in similar cases, and the highest court of the District of Columbia has on at least two occasions expressed its view on this matter. In *May Department Stores v. Devercelli*,[28] the District of Columbia Court of Appeals stated explicitly that the question whether an action is barred by a statute of limitations "being procedural is governed by the statute of limitations of the forum."[29] More recently, in *Hodge v. Southern Railway*,[30] the court reiterated that "[a]ccording to the established rule, a limitation on the time of suit is procedural and is governed by the law of the forum."[31] It is thus apparent that the District of Columbia courts would have resolved the limitation issue before us by resort to the District of Columbia statute. Consequently, the District Court must adhere to the same limitation period.[32]

Since the District of Columbia's three-year limitation period rather than Virginia's two-year statute governs the instant litigation, we reverse the District Court's dismissal order and remand the case for further proceedings.

*So ordered.*

**25.** *Erie Railroad Co. v. Tompkins, supra* note 23, 304 U.S. at 74–77, 58 S.Ct. at 820–822, 82 L.Ed. at 1192–1193.

**26.** *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

**27.** *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477, 1480 (1941).

**28.** 314 A.2d 767 (D.C.App.1973).

**29.** *Id.* at 773.

**30.** 415 A.2d 543 (D.C.App.1980).

**31.** *Id.* at 544, quoting *Kaplan v. Manhattan Life Ins. Co., supra* note 19, 71 App.D.C. at 252–253, 109 F.2d at 465–466.

**32.** We appreciate the District Court's analysis of the competing interests at stake in this litigation. But, as the Supreme Court stated in *Day & Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975), whatever the relative merits of alternative legal doctrines, "[a] federal court in a diversity case is not free to engraft onto those state rules exceptions or modifications which may commend themselves to the federal court, but which have not commended themselves to the State in which the federal court sits." *Id.* at 4, 96 S.Ct. at 168, 46 L.Ed.2d at 5. We also think it worthwhile to point out that the view of the District of Columbia Court of Appeals is the position adopted by the Restatement, see Restatement (Second) of Conflict of Laws § 142 (1971), based on the rationale that the primary purpose of statutes of limitations is to protect local courts against the prosecution of stale claims.