**Norman GODBEY, Plaintiff,**

v.

**FRANK E. BASIL, INC., et al., Defendants.**

**Civ. A. No. 83–3082.**

United States District Court, District of Columbia.

Jan. 11, 1985.

---

Neil H. Ruttenberg, Edward L. Hughes, Quinn, Racusin & Ruttenberg, Chartered, Washington, D.C., for plaintiff.

Patricia D. Wittie, Kirkpatrick & Lockhart, Washington, D.C., for defendants.

## MEMORANDUM ORDER

HAROLD H. GREENE, District Judge.

In this action, plaintiff seeks damages for breach of contract, defamation, and false imprisonment based on a series of events that allegedly occurred while he was employed by defendants in Saudi Arabia. Defendants have moved for summary judgment on the ground that this action is governed by Saudi law which defendant has failed to plead or to prove. Plaintiff has opposed the motion on the alternative grounds (1) that this case is governed by District of Columbia, not Saudi law, and (2) that, if this Court holds that Saudi law provides the rule of decision in this case,

plaintiff is entitled to plead and prove Saudi law.

### I

The initial question that must be addressed by the Court is what law governs this case.[1]

■■■ First. With respect to plaintiff's breach of contract claim, Article 30(d) of the employment agreement executed between plaintiff and defendants explicitly provides that "this Agreement and the employment of the Employee shall be governed by the laws, statutes, and ordinances of the Kingdom [of Saudi Arabia]."[2] Unless the parties' choice of law is that of a state lacking a substantial relationship to the parties or the transaction, or unless the chosen law would contradict a fundamental policy of the District of Columbia, a District of Columbia court would enforce the contract provision,[3] and this Court, sitting in diversity, must do likewise.[4] Saudi Arabia, where the alleged breach occurred, where plaintiff contracted to work, and in which one of the defendants is incorporated, clearly has a substantial relationship to the transaction involved here. Defendant has failed to identify any fundamental policy of the District of Columbia that would be violated by the enforcement of the Agreement's choice of law provision, and this Court has found none.[5] Accordingly,

1. Neither defendants nor plaintiff have identified specific conflicts between Saudi law and District of Columbia law. However both sides appear to believe that such conflicts exist, and that they are so significant as to potentially vitiate plaintiff's lawsuit. Accordingly, the Court is confident that, at least with respect to the law establishing plaintiff's causes of action, the present dispute cannot be characterized as one involving only "false" conflicts.

2. Articles 5, 9, 22 and 23(b)(iv) of the employment agreement also provide that Saudi law shall be controlling with respect to particular employment contract issues.

3. *Restatement (2d) of Conflict of Laws* § 187. Although there are no District of Columbia cases explicitly adopting Rest. (2d) § 187, Maryland courts have done so, see, *e.g., Kronovet v. Lipchin,* 288 Md. 30, 415 A.2d 1096 (1980), and District of Columbia courts follow the common

law of Maryland where there is a lacuna in their own law. *Conesco Industries v. Conforte & Eisele, Inc.,* 627 F.2d 312, 315 (D.C.Cir.1980).

4. *Steorts v. American Airlines, Inc.,* 647 F.2d 194 (D.C.Cir.1981); *Lee v. Flintkote Co.,* 593 F.2d 1275, 1278 note 14 (D.C.Cir.1979); *In re Air Crash Disaster Near Saigon, Etc.,* 476 F.Supp. 521, 526 n. 11 (D.D.C.1979).

5. Defendant argues, without statutory or case citation or elaboration, that application of Saudi law would violate a fundamental policy of the District of Columbia because: (a) application of Saudi law might produce a different outcome than would be the case were District of Columbia law applied; (b) application of Saudi law would frustrate the District of Columbia's interest in regulating the conduct of companies doing business and negotiating employment agreements within its boundaries; and (c) applica-

the Court concludes that Saudi law provides the rule of decision with respect to plaintiff's breach of contract claim.[6]

■ Second. Resolution of the contract claim issue does not necessarily control the question whether Plaintiff's tort claims are also governed by Saudi law. Although these claims are based in part on the events underlying the contract claim, they obviously could not have contemplated by the parties when they drafted the choice of law provision, which cannot have been intended to control tort claims such as these. Accordingly, the Court must consider whether, under modern conflict of law principles,[7] which have been adopted in the District of Columbia,[8] Saudi law would govern these claims as well. Where, as here, the alleged injuries occurred in Saudi Arabia; plaintiff is a citizen and resident of Virginia; one of the defendants is Saudi Arabian and the agent accused of actually committing the tortious acts is a Saudi Arabian citizen and resident; and the relationship between the parties centered on plaintiff's employment by defendants in Saudi Arabia, modern conflicts principles mandate that Saudi law will govern these claims as well.[9] Accordingly, the Court finds that plaintiff's tort claims also are governed by Saudi Arabian law.

## II

■ The remaining question is whether the Court's determination that Saudi Arabian law forms the rule of decision for plaintiff's claims requires that this case be dismissed. The Court concludes that it does not.

Plaintiffs contend that, since plaintiff indicated in his answers to interrogatories that he was not asserting claims under Saudi law, and since discovery in this case has closed, plaintiff is foreclosed from amending his pleadings and prosecuting his case under Saudi law. However, nothing in the Federal Rules of Civil Procedure required plaintiff initially to plead his cause of action under Saudi law where he believed that it did not govern his claims.[10] Further, plaintiff's responses to the interrogatories indicate only that he had not asserted claims under Saudi law, not that he had no conceivable basis for doing so.

Defendants filed their summary judgment motion on November 30, 1984, one month before the close of discovery, notwithstanding their awareness of the choice of law question as early as September 4, 1984.[11] Moreover, the only conceivable prejudice to defendants from an amend-

tion of Saudi law, which incorporates Islamic religious doctrines, would violate the First Amendment's Establishment Clause. None of these generalized arguments provides a valid basis for rejecting the application of Saudi law.

**6.** Defendant's argument that the contract's choice of law provision should be stricken and the rule of decision selected under the governmental interest analysis set out in Rest. (2d) *Conflicts* § 188 is similarly unavailing. The choice of law provision was in the same size type as the rest of the contract, and plaintiff concedes that he read the contract before signing it; accordingly, there is no basis for striking the choice of law provision on the grounds of mistake or unconscionability. See Rest. (2d) *Conflicts* § 187, comment (b). Similarly, plaintiff's allegation that defendants have breached the contract does not, standing alone, provide a grounds for estopping defendants from relying on the contract's choice of law provision. Finally, the Court notes that, even if a § 188 balancing were appropriate in this case, a proper weighting of the § 188 factors compels the conclusion that Saudi law should govern the

breach of contract claims. See *Koro Co., Inc. v. Bristol-Meyers Co.,* 568 F.Supp. 280 (D.D.C. 1983).

**7.** See generally Restatement (2d) of Conflicts § 145 et seq.

**8.** The District of Columbia has generally adopted the Restatement (2d) of Conflicts governmental interest analysis approach to deciding choice of law questions in tort cases. See *e.g., Stancill v. Potomac Electric Power Co.,* 744 F.2d 861 (D.C.Cir.1984); *Biscoe v. Arlington County,* 738 F.2d 1352 (D.C.Cir.1984).

**9.** See Rest. (2d) Conflicts §§ 6 (significant relationship test), 146 (personal injuries), 149 (defamation), 157 (interest entitled to legal protection).

**10.** See *Grice v. A/S J. Ludwig Mowinckels,* 477 F.Supp. 365 (S.D.Ala.1979).

**11.** Defendants' counsel indicated at a September 4, 1984 status call in this case that it was their

ment of the complaint will be some slight delay in resolving plaintiff's claims against them. Thus, justice and fairness require that plaintiff be permitted to amend his complaint to allege claims under Saudi law if he is able legitimately to do so.[12]

Accordingly, the Court will permit a plaintiff to file an amended complaint; it will permit defendants to file an amended answer; and it will entertain a subsequent motion of the parties to re-open discovery for an additional limited period if this should prove necessary in view of the amended complaint.

### III

It is therefore, this 11th day of January, 1985,

ORDERED That defendants' motion for summary judgment be and it hereby is denied; and it is further

ORDERED That plaintiff shall have until February 15, 1985, to serve and file an amended complaint asserting his claims under Saudi law; and it is further

ORDERED That defendants shall have twenty days thereafter within which to file an amended answer or otherwise respond to complaint; and it is further

ORDERED That the trial date scheduled in this case for February 11, 1985, be and it is hereby cancelled; and it is further

ORDERED That a status call in this case shall be held on March 15, 1985.

position that Saudi law governed this case, and that they would be filing a dispositive motion to that effect.

12. *Id.* at 367; Rule 15(a) Fed.R.Civ.P.