861 F.2d 303
 274 U.S.App.D.C. 70
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Beverly DRUMMOND, Appellant,
v.
Charlene WALKER.
 No. 87-7011.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 2, 1988.
 
 Before RUTH B. GINSBURG, SILBERMAN, and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments presented by counsel. The court has determined, after full review of the case, that disposition without published opinion is appropriate. See D.C.Cir.R. 14(c). For the reasons stated by the district court in its July 22, 1986 Memorandum Opinion, and by this court in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 At the time of the episode-in-suit, driver Kenneth Scott was just over 20 years and 7 months old. Americar Rental System's rule against renting to persons under 21, Drummond's counsel acknowledged at argument, is the sole prop left in the case for appellant's claim of negligent entrustment. That internal company rule, however, is not properly admissible in this case. Therefore, even if we were to indulge the assumption that the rule could count as a material indication of negligent entrustment, Drummond's claim would fail.
 
 
 5
 First, we note, no Federal Rule of Evidence deals specifically with the admissibility of a company's internal safety-promoting rules. Although Rule 402 states broadly that all relevant evidence is admissible unless otherwise provided by federal law, a federal court will apply a state law that serves a substantive state policy even if that law results in the exclusion of otherwise relevant evidence.[1] Second, we believe that the District of Columbia courts would choose Virginia's regulation as the one properly governing the admissibility of Americar's internal rule. Virginia law, appellant recognizes, excludes evidence of such rules and their violation to prove negligence. See Pullen v. Nickens, 226 Va. 342, 310 S.E.2d 452, 457 (1983); Reply Brief at 4.
 
 
 6
 Because this is a diversity case, we look to the District's choice of law approach. See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496-97 (1941); Steorts v. American Airlines, Inc., 647 F.2d 194, 196-97 (D.C.Cir.1981). That approach is guided by the Restatement (Second) of Conflict of Laws (1971). See Stancill v. PEPCO, 744 F.2d 861, 864 n. 16 (D.C.Cir.1984). Section 145 of the Restatement instructs that, with respect to an issue in tort, the rights and liabilities of the parties are determined by the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties.
 
 
 7
 In this case, the plaintiff is domiciled in the District, and the accident occurred in Maryland. Under the law of those jurisdictions, a company's internal operating rules are admissible. The position on admission in the District and Maryland reflects the broad policy that, in general, all relevant evidence should be entertained.
 
 
 8
 Virginia, in contrast, has a specific policy in point, one that is not "procedural" in character: the promotion of privately-adopted safety rules. Under the reasoning of Virginia decisions, if a company's safety-promoting rules and their violation were admissible to show culpable conduct, enterprises would be discouraged from adopting such rules. See Virginia Ry. & Power Co. v. Godsey, 117 Va. 167, 83 S.E.2d 1072, 1073 (1915).[2] Virginia's specific policy bears directly on the tort at issue here: negligent entrustment. The alleged liability-generating rental by Charlene Walker and entrustment to driver Scott occurred in Virginia, at Americar's Crystal City place of business, the place where Scott was employed and from which he drove the vehicle away.
 
 
 9
 In sum, Virginia has the strongest link to the issue of admissibility of Americar's internal rule; the District would therefore apply Virginia's law to that issue. Without introducing evidence of Americar's company policy not to rent to persons under 21, appellant has not even a wisp of proof relevant to a claim of negligent entrustment. The district court's judgment, accordingly, merits affirmation.
 
 
 
 [1]
 In typing the matter "procedural," appellant overlooks the considerable catalogue of rules framed in evidentiary terms, but in reality conveying substantive policies: e.g., the parole evidence rule, the collateral source rule, and the Statute of Frauds. See generally 19 Wright, Miller & Cooper, Federal Practice and Procedure Sec. 4512, at 194-95 (1982); 20 id. Sec. 5200, at 269-29
 
 
 [2]
 Cf. Federal Rule of Evidence 407 (evidence of subsequent remedial measures not admissible to prove negligence)