**Theresa BRADLEY, Plaintiff,**

v.

**NATIONAL ASSOCIATION OF SECURITIES DEALERS DISPUTE RESOLUTION, INC., et al., Defendants.**

**No. CIV.A. 01–2047(RBW).**

United States District Court, District of Columbia.

Jan. 28, 2003.

Theresa B. Bradley, Sandersville, GA, for Plaintiff.

Francis Joseph Warin, Douglas R. Cox, Gibson, Dunn & Crutcher, Washington, DC, for Defendants.

## MEMORANDUM OPINION

WALTON, District Judge.

This matter comes before the Court upon the defendants' motion to dismiss the plaintiff's complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] This action arises out of arbitration proceedings conducted by defendant National Association of Securities Dealers Dispute Resolution, Inc. ("NASD"). The defendants assert as grounds for their dismissal motion the fol-

---

1. Because of the plaintiff's status as a *pro se* litigant, this Court issued an Order on October 8, 2002, as required by *Fox v. Strickland,* 837 F.2d 507 (D.C.Cir.1988), wherein the plaintiff was notified of the potential conse- quences of failing to fully and completely respond to the defendants' dismissal motion. On November 6, 2002, the plaintiff filed an additional response to the defendants' motion to dismiss.

lowing: (1) the plaintiff's claims are barred by the applicable statute of limitations; (2) the Federal Arbitration Act ("FAA") bars a collateral attack on an arbitration award; (3) there is no private cause of action for a violation of the applicable arbitration rules; (4) the defendants are entitled to absolute immunity; and (5) the plaintiff has failed to state a claim upon which relief can be granted for professional negligence, fraud, abuse of process, and intentional infliction of emotional distress. Defendants' Motion to Dismiss ("Defs.' Mot.") at 1–26.[2] Upon consideration of the parties' submissions and for the reasons set forth below, the Court will grant the defendants' motion to dismiss this case because the statute of limitations had expired as to each of the plaintiff's claims when she filed her complaint.[3]

## I. *Factual Background*

The events giving rise to the complaint being filed began on February 26, 1992, when the plaintiff opened up an investment account with Dean Witter Reynolds, Inc. ("Dean Witter"). Complaint ("Compl.") ¶ 10. The plaintiff asserts that over the next several months "Dean Witter destroyed a $750,000 stock and bond portfolio in 1992 consisting of [p]laintiff'[s] 30–year professional earnings, life savings, sole income and only source of income." *Id.* Distraught over this event, the plaintiff initiated an arbitration proceeding on October 24, 1994 with the NASD, asserting that Dean Witter, and its brokers that she dealt with, committed several violations of the Securities Exchange Act of 1934. *Id.*

On January 7, 1998, a panel of NASD arbitrators dismissed the plaintiff's complaint with prejudice and the plaintiff was apparently required to pay a fee of $1,900.00. Compl. ¶ 39. The plaintiff then attempted to vacate this award in the Circuit Court of the Seventeenth Judicial Circuit for Broward County, Florida. Defendants' Memorandum of Points and Authorities in Support of their Motion to Dismiss the Complaint ("Defs.' Mem.") at 1. After remanding the case for clarification of the award, the arbitral panel affirmed the dismissal on February 24, 1999. Compl. ¶ 40; Defs.' Mem. at 1. The plaintiff subsequently initiated the instant cause of action on September 26, 2001.

## II. *Standard of Review Under Rule 12(b)(6)*

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the alleged facts. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *Kowal,* 16 F.3d at 1276. In deciding whether to dismiss a claim under Rule 12(b)(6), the Court can only consider the facts alleged in the com-

---

2. The defendants also assert that the claims against defendants Rose Schindler and Jill Wise should be dismissed because this Court lacks personal jurisdiction over these defendants under Rule 12(b)(2) of the Federal Rules of Civil Procedure. *Id.* at 26. The Court need not address this argument because it will conclude that dismissal is required on other grounds.

3. Because the Court finds that the applicable statute of limitations has expired on each of the plaintiff's claims, it needs not address the additional assertions made by the defendants regarding why the plaintiff's complaint should be dismissed.

plaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice. *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C.Cir.1997). The Court will dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99.

### III. *Legal Analysis*

### (A) *Are the Plaintiff's Claims Time–Barred by the Statute of Limitations?*

The Court must first address the defendants' assertion that the plaintiff's claims are all time-barred by the applicable statute of limitations. At the outset, and because this matter is before the Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 (2000), this Court must address the applicable choice-of-law principles that govern which state's limitations period applies to this case. The District of Columbia Circuit, in *Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co.*, 129 F.3d 143 (D.C.Cir. 1997), stated that "[w]hen deciding state-law claims under diversity or supplemental jurisdiction, federal courts apply the choice-of-law rules of the jurisdiction in which they sit." *Id.* at 148 (citing *Lee v. Flintkote Co.*, 593 F.2d 1275, 1278–79 n. 14 (D.C.Cir.1979)); *see Shenandoah Assocs. Ltd. P'ship v. Tirana*, 182 F.Supp.2d 14, 18 (D.D.C.2001) (in a diversity action a court "is obligated under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to apply the choice of law rules prevailing in [the forum] jurisdiction."). In *A.I. Trade Fin., Inc. v. Petra*

*Int'l Banking Corp.*, 62 F.3d 1454 (D.C.Cir.1995), the Circuit Court commented that "[l]ooking to the D.C. choice-of-law rules, we see that they treat statutes of limitations as procedural, and therefore almost always mandate application of the District's own statute of limitations." *Id.* at 1458 (citations omitted). Furthermore, in *Steorts v. Am. Airlines*, 647 F.2d 194 (D.C.Cir.1981), the Circuit Court noted that "*Erie* clearly mandates that in diversity cases the substantive law of the forum controls with respect to those issues which are outcome-determinative, and it is beyond cavil that statute of limitations are of that character." *Id.* at 196–97 (citations omitted) (emphasis added). Therefore, this Court will apply the District of Columbia's statute of limitations period applicable to the types of claims being pursued by the plaintiff.[4]

The parties do not dispute that each of the plaintiff's claims is governed by a three-year District of Columbia statute of limitations. This is because her claims are not one of the enumerated causes of action specified in D.C.Code § 12–301 (2001). Section 12–301(8) of the District of Columbia Code provides for a three-year statute of limitations period for those claims "which a limitation is not otherwise specifically prescribed ..." D.C.Code § 12–301(8). Therefore, because the plaintiff filed her complaint with this Court on September, 26, 2001, each of her claims will be time-barred unless they accrued on or after September 26, 1998. Because this Court finds that each of the plaintiff's claims accrued during the arbitration process, which ended on January 7, 1998, the three-year statute of limitations had al-

---

4. The parties do not seem to dispute the conclusion that a District of Columbia's statute of limitations period applies to the plaintiff's complaint. However, because of the plain-

tiff's *pro se* status, the Court permitted additional briefing on this issue. *See* Order of December 18, 2002.

ready expired when she filed her complaint with this Court.

### (1) *When did the Plaintiff's Claims Accrue?*

District of Columbia law provides that "[g]enerally, a cause of action is said to accrue at the time injury occurs ... However, in cases where the relationship between the fact of injury and the alleged tortious conduct is obscure when the injury occurs, [the District of Columbia courts] apply a 'discovery rule' to determine when the statute of limitations commences." *Morton v. Nat'l Med. Enters., Inc.*, 725 A.2d 462, 468 (D.C.1999) (citations omitted). Thus, "a cause of action will accrue once a plaintiff has knowledge of 'some injury,' its cause in fact, and 'some evidence of wrongdoing.'" *Id.* (citing *Colbert v. Georgetown Univ.*, 641 A.2d 469, 473 (D.C.1994) (*en banc*)). The District of Columbia Court of Appeals has explained that

> a right of action may accrue before the plaintiff becomes aware of all of the relevant facts. It is not necessary that all or even the greater part of the damages ... occur before the [right] of action arises. Any appreciable and actual harm flowing from the [defendant's] conduct is sufficient. The law of limitations requires only that [the plaintiff] have *inquiry notice* of the existence of a cause of action ...

*Hendel v. World Plan Exec. Council*, 705 A.2d 656, 661 (D.C.1997) (internal quotations and citations omitted) (emphasis in the original). Turning to the plaintiff's first cause of action—professional negligence—it is apparent that her allegations that comprise this claim fall into three specific categories: improper change of venue, Compl. ¶ 27; excessive delay and improper pre-arbitral discovery requests, Compl. ¶¶ 26, 28–37; and improper denial

of her right to review her records, Compl. ¶ 38. The Court will address each category separately in an effort to determine when this cause of action accrued.

### (a) *Change of Venue Allegation*

The plaintiff claims that the NASD "assured" her that her arbitration proceeding "could be heard where she currently resided in Atlanta, GA ...", Compl. ¶ 45, and notes that she relied on an "Arbitration Procedures booklet" that the NASD sent to her that discussed the location of the arbitration proceeding, Compl. ¶ 16. However, on January 6, 1996, after the plaintiff submitted written objections to Dean Witter's request for a change in venue, she was informed that the NASD had granted "Dean Witter['s] ... request for [a] change of venue for [the] final arbitration hearings [to] be moved from Atlanta, GA to Ft. Lauderdale, FL." Compl. ¶ 27. The plaintiff asserts that

> [t]he NASD **AGAIN** granted another capricious and arbitrary request from Dean Witter with utter disregard to both the Uniform Commercial Arbitration Code and the NASD Code of Arbitration Procedure upon Dean Witter's belated request **15 months from the October 1994 filing and inception** of the 'quick, efficient and inexpensive' arbitration to move the proceedings to Ft. Lauderdale, Florida for the Final Hearing site. Plaintiff's written objections thereto were ignored.

*Id.* (emphasis in the original). Thus, it is clear that the plaintiff's alleged injury caused by the purported improper change of venue accrued on January 6, 1996, when the request for the change of venue was granted, because she clearly was on inquiry notice of this venue change at that time, as she was notified of the decision on that date, and she had already filed written objections to the request for a change of venue. The requirements of *Morton*, 725

A.2d at 468 ("knowledge of 'some injury,' its cause in fact, and 'some evidence of wrongdoing' "), were satisfied at that time. Therefore, the statute of limitations for any injury the plaintiff sustained from the change in venue expired on January 6, 1999.

**(b) *Excessive Delays and Tolerance of Improper Discovery Requests Allegations***

 The plaintiff's second category of allegations regarding her professional negligence claim relates to purported excessive delays and the NASD's tolerance of improper discovery requests. Compl. ¶¶ 26, 28–37. The plaintiff's first instance of alleged delay occurred on July 26, 1995, when the final arbitration hearing that was scheduled to occur in November 1995 was cancelled and rescheduled for January 25, 1996. Compl. ¶ 26. Then, plaintiff alleges that

> [f]or a period of nearly 24 months (January 6, 1996 to January 7, 1998), the NASD allowed Dean Witter's legal counsel to spiral out of control hurling non-stop correspondence, letters and any method whatsoever by bombarding the NASD with motion after motion after motion on previously ruled upon matters to the administrative offices of the NASD who then blindly mailed these to an ever-changing NASD Panel of arbitrators with the NASD So. Florida Director of Arbitration (Defendant Schindler) and the NASD Senior Attorney (Defendant Wile) acting as Dean Witter's 'front-line henchmen mailing conduit' submitting a copy of each letter and motion for documents in fact already provided, produced and obtained by third-party subpoena . . .

Compl. ¶ 30. Furthermore, plaintiff states that

> [i]n June 1997 with Defendants full knowledge, Dean Witter ignored the pri-

or discovery cut-off date for third party subpoena and began invading Plaintiff's rights to privacy by filing third party subpoenas with the NASD and issuing these directly to Plaintiff's brokerage and investment accounts . . . all with the knowledge of the NASD arbitration administration . . .

Compl. ¶ 32. Thus, the plaintiff was on inquiry notice of the alleged excessive delays as of July 26, 1995 and of the claimed tolerance of improper discovery requests as of January 6, 1996. Therefore, the statute of limitations for any injury the plaintiff suffered from alleged excessive delays and the toleration of improper discovery requests expired well before her complaint was filed.

**(c) *Improper Denial of the Plaintiff's Right to Review her NASD Records Allegation***

 The plaintiff's final allegation concerning her professional negligence claim, involves an event that occurred on June 3, 1997, when she

> went to the offices of the NASD in Ft. Lauderdale, Florida to review her case file and was denied access by [a] NASD employee . . . to read and review her own case file in the offices at the NASD on the grounds that 'these documents were the property of the NASD.'

Compl. ¶ 38. Any injury that would provide the basis for an actionable claim based on the NASD's refusal to permit the plaintiff to review her records occurred at the time access was purportedly denied. Thus, accrual of the claim occurred at that time. Accordingly, because the statute of limitations expired on June 3, 2000, for any injury arising from this alleged conduct, any claim involving this event is also time-barred.

### (2) *Additional Claims*

■ The plaintiff's remaining causes of action, include claims of fraud, abuse of process, and intentional infliction of emotional distress. However, an examination of each of these claims reveals that they are all entirely predicated on events that the plaintiff alleges in her claim for professional negligence. The plaintiff's fraud claim is based on alleged representations made to her by the NASD that involved "numerous false statements regarding material facts, particularly that plaintiff's case could be heard in Atlanta, GA in a 'quick, efficient and inexpensive manner' when, in fact, they knew this not to be true." Compl. ¶ 47. This claim obviously involves the same events previously discussed regarding the claims pertaining to the change of venue and the excessive delays. The plaintiff's abuse of process claim also relates to the change of venue and excessive delay claims, and the claim regarding the alleged refusal to allow her to review her records. Compl. ¶¶ 53–54. Finally, the plaintiff's intentional infliction of emotional distress claim encompasses these same events and addresses the impact the events have allegedly had on her life. Compl. ¶¶ 57–65. It is clear that the plaintiff's common law claims for fraud, abuse of process, and intentional infliction of emotional distress are "completely dependent upon and intertwined" with her professional negligence claim and thus accrued when the events that comprise her professional negligence claim also accrued. *See Morton*, 725 A.2d at 471 (plaintiffs' fraud claims were "completely dependent upon and intertwined" with medical malpractice claims, and therefore, the claims accrued at the same time).

In her response to the Court's Order permitting both parties to submit an additional brief on this topic, the plaintiff submitted a response claiming that the "trigger date" for the statute of limitations in this case is the date of the

> discovery of the occurrence of the events, which date is included in defendants own records that will be submitted as documentary evidence in the proposed bench trial of this case, i.e., the dat[e] that the entire case file was copied by Defendants upon request and/or issuance of subpoena by Plaintiff and/or her legal counsel ... and submitted to the Plaintiff at the offices of NASD Dispute Resolution ... on or about February 15, 1999. Therefore, the trigger date for the statute of limitations for the causes of action before this Court is February 15, 1999, which date provided the Plaintiff with the opportunity to discover the unlawful events and illegal actions taken by the Defendants in this action causing financial harm to the Plaintiff ...

Plaintiff's Response to this Court's Order Dated December 17, 2002 'Statute of Limitations Governing this Case' with Memorandum of Law in Support ¶¶ 3–4. However, as discussed above, District of Columbia law only requires "inquiry notice" of the existence of a cause of action and therefore "a right of action may accrue before the plaintiff becomes aware of all of the relevant facts." *Hendel*, 705 A.2d at 661. In this case, it is plainly evident, as discussed above, that the plaintiff was aware of each of the events that form the bases of her common law claims during the arbitration process, which ended well before the expiration of the three-year statute of limitations period that is applicable to all of the claims in this case.[5]

---

5. The Court also notes that the plaintiff has not presented any facts or allegations that

would support a claim that the statute of limitations period should be tolled for equita-

## IV. *Conclusion*

For the aforementioned reasons, this Court will grant the defendants' motion to dismiss the plaintiff's complaint because the running of the statute of limitations expired as to each of her claims prior to the filing of her complaint. Accordingly, this Court will dismiss the plaintiff's complaint because she has failed to state a claim upon which relief can be granted.[6]

### ORDER

Upon consideration of the defendants' motion to dismiss the complaint, and for the reasons set forth in the Memorandum Opinion accompanying this Order, it is hereby,

**ORDERED** that the defendants' motion to dismiss the plaintiff's complaint is **GRANTED**; and it is

**FURTHER ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE.**

ble reasons. *See Smith–Haynie v. District of Columbia,* 155 F.3d 575, 579–80 (D.C.Cir. 1998) (quoting *Mondy v. Sec'y of the Army,* 845 F.2d 1051, 1057 (D.C.Cir.1988)) ("The court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumcised instances.").

**6.** An Order consistent with the Court's ruling accompanies this Memorandum Opinion.