DAY & ZIMMERMANN, INC. *v.* CHALLONER ET AL.

No. 75–245. Decided November 3, 1975

PER CURIAM.

Respondents sued petitioner in the United States District Court for the Eastern District of Texas seeking to recover damages for death and personal injury resulting from the premature explosion of a 105-mm. howitzer round in Cambodia. Federal jurisdiction was based on diversity of citizenship. The District Court held that the Texas law of strict liability in tort governed and submitted the case to the jury on that theory. The Court of Appeals for the Fifth Circuit affirmed a judgment in favor of respondents. 512 F. 2d 77 (1975).

The Court of Appeals stated that were it to apply Texas choice-of-law rules, the substantive law of Cambodia, the place of injury, would certainly control as to the wrongful death, and perhaps as to the claim for personal injury. It declined nevertheless to apply Texas choice-of-law rules, based in part on an earlier decision in *Lester* v. *Aetna Life Ins. Co.,* 433 F. 2d 884 (CA5 1970), cert. denied, 402 U. S. 909 (1971), which it

summarized as holding that "[w]e refused to look to the Louisiana conflict of law rule, deciding that as a matter of federal choice of law, *we could not apply the law of a jurisdiction that had no interest in the case,* no policy at stake." 512 F. 2d, at 80 (emphasis in original). The Court of Appeals further supported its decision on the grounds that the rationale for applying the traditional conflicts rule applied by Texas "is not operative under the present facts"; and that it was "a Court of the United States, an instrumentality created to effectuate the laws and policies of the United States."

We believe that the Court of Appeals either misinterpreted our longstanding decision in *Klaxon Co.* v. *Stentor Electric Mfg. Co.,* 313 U. S. 487 (1941), or else determined for itself that it was no longer of controlling force in a case such as this. We are of the opinion that *Klaxon* is by its terms applicable here and should have been adhered to by the Court of Appeals. In *Klaxon, supra,* at 496, this Court said:

> "The conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts. Otherwise, the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side. See *Erie R. Co.* v. *Tompkins,* [304 U. S. 64, 74–77 (1938)]." (Footnote omitted.)

By parity of reasoning, the conflict-of-laws rules to be applied by a federal court in Texas must conform to those prevailing in the Texas state courts. A federal court in a diversity case is not free to engraft onto those state rules exceptions or modifications which may commend themselves to the federal court, but which have not commended themselves to the State in which the federal court sits. The Court of Appeals in this case

should identify and follow the Texas conflicts rule. What substantive law will govern when Texas' rule is applied is a matter to be determined by the Court of Appeals.

The petition for certiorari is granted, the judgment of the Court of Appeals is vacated, and the case is remanded for further proceedings in conformity with this opinion.

*It is so ordered.*

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.

MR. JUSTICE BLACKMUN, concurring.

Left to my own devices, I would deny the petition for certiorari. Inasmuch, however, as the Court chooses to emphasize and correct certain misapprehensions in the Court of Appeals' opinion and to vacate that court's judgment, I merely point out that, as I read the Court's *per curiam* opinion, the Court of Appeals on remand is to determine and flatly to apply the conflict of laws rules that govern the state courts of Texas. This means to me that the Court of Appeals is not foreclosed from concluding, if it finds it proper so to do under the circumstances of this case, that the Texas state courts themselves would apply the Texas rule of strict liability. If that proves to be the result, I would perceive no violation of any principle of *Klaxon Co.* v. *Stentor Electric Mfg. Co.,* 313 U. S. 487 (1941). I make this observation to assure the Court of Appeals that, at least in my view, today's *per curiam* opinion does not necessarily *compel* the determination that it is only the law of Cambodia that is applicable.