## BOHRER–REAGAN CORPORATION

### v.

## MODINE MANUFACTURING COMPANY.

### Civ. A. No. 76–1597.

United States District Court,
E. D. Pennsylvania.

June 20, 1977.

Thomas D. Leidy, Reading, Pa., for plaintiff.

Stanley P. Stahl, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff, a Pennsylvania corporation, is suing to recover for damages allegedly resulting from the malfunction of six heating and ventilating units which plaintiff claims were purchased from defendant, a Wisconsin corporation. The goods in question were purchased from Schemenauer Manufacturing Company (Schemenauer), an Ohio corporation, through an order which was placed at Schemenauer's Villanova, Pennsylvania, office. Since the purchase, all of Schemenauer's outstanding stock was acquired by defendant and Schemenauer became a wholly-owned subsidiary of defendant. Furthermore, Schemenauer underwent a corporate name change and became Modine Manufacturing Company, an Ohio corporation (Modine-Ohio).

Defendant moves for summary judgment on two grounds. First, it claims that the statute of limitations has expired. The complaint avers that the goods were ordered on January 24, 1969 and further avers that on November 24, 1971, after the goods had been installed in Pine Grove Middle School, the goods were found to leak and cause extensive damage. This action, however, was not instituted until May of 1976. Defendant argues that the applicable statute of limitations is 12A P.S. § 2–725, which holds that a breach of sales contract action must be instituted within four years of the time that the cause of action accrues. In the case of breach of warranty, where the warranty specifically looks to the future performance of the goods and the breach can only be discovered at the time of the performance of the goods, the cause of action accrues at the time that the breach is discovered. Considering all matters in the light most favorable to the plaintiff, defendant argues that the latest date at which the statute began to run was November 24, 1971, when the breach was discovered. Thus, the statute expired no later than November 24, 1975. Thus, it had expired by the time this suit was instituted.

Defendant also contends that it is not a proper party to the suit. The contract was with Schemenauer, who has since become Modine-Ohio, a wholly-owned subsidiary with a separate identity. Modine-Ohio is thus the proper party to this action.

Plaintiff counters by arguing that defendant was engaged with plaintiff in a series of communications and transactions regarding the performance of the goods which led plaintiff to believe it was dealing with a Wisconsin corporation. Thus, the "Corporate Veil" should be pierced and defendant, not Modine-Ohio, should be the party in this action. Furthermore, since a Wisconsin defendant is properly in this action, the Wisconsin statute of limitations, which allows a six-year period for bringing such actions, is the applicable law in this action.

■ In diversity actions Federal courts must apply the conflict of law rules of the states in which they sit. *Klaxon Company v. Stentor Electric Manufacturing Company,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), *Day & Zimmerman, Inc. v. Hawley K. Challoner,* 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975). Pennsylvania courts apply the law of the place where a contract is made and where it is to be performed. See *Craftmark Homes, Inc. v. Nanticoke Construction Co.,* 526 F.2d 790, 792 (3d Cir. 1975), footnote 2, and the cases cited therein.

■ In the instant case, it is not clear whether the contract was formed in Pennsylvania or Ohio. The order for the goods was placed with Schemenauer's office in Pennsylvania, but the goods were manufactured in Ohio and shipped into Pennsylvania. It is not clear whether the contract could be accepted in Pennsylvania and made binding upon Schemenauer or whether all orders had to be forwarded to Ohio to be accepted. This is not a deciding issue, however, for it is the law of Pennsylvania that if the place of contract formation differs from the place of performance, the law of the place of performance governs. *Robert H. Fox Co. v. Keystone Driller Company,* 232 F.2d 831, 832 (3d Cir. 1956); *York Metal & Alloys Co. v. Cyclops Steel Co.,* 280 Pa. 585, 588, 124 A. 752 (1924). Here, the goods were to be installed in Pennsylvania and allegedly were to perform without damage from leakage in Pennsylvania. Thus, Pennsylvania is the place of performance and Pennsylvania's statute of limitations applies.

The cases cited by plaintiff are wholly inapposite. They are Wisconsin cases applying Wisconsin choice-of-law rules. Such an application is inappropriate for this Court for the reasons cited in the *Klaxon* and *Day & Zimmerman* cases.

Therefore, we conclude as a matter of law, that the Pennsylvania statutory period of four years applies in this case. This finding is not dependent in any way upon the relationship of the defendant and the Modine Manufacturing Company in Ohio, so we need not determine whether or not the "Corporate Veil" can be pierced.

Accordingly, defendant's motion for summary judgment will be granted.