**TEXAS EASTERN TRANSMISSION CORPORATION, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

**No. 83 Civ. 3417 (RWS).**

United States District Court, S.D. New York.

Jan. 19, 1985.

Mendes & Mount, New York City, for plaintiff; Daniel H. Murphy, II, New York City, of counsel.

Solin & Breindel, P.C., New York City, for defendant; Mark L. Weyman, New York City, of counsel.

OPINION

SWEET, District Judge.

This is a renewed motion for summary judgment, brought with respect to those causes of action that survived this court's opinion of May 15, 1984. The motion is granted, and the complaint is dismissed.

**Prior Proceedings**

Plaintiff Texas Eastern Transmission Corporation ("TETCO") filed the complaint in this action against General Electric Company ("GE") on May 5, 1983. Diversity jurisdiction was alleged. TETCO filed an amended complaint, and GE brought a motion to dismiss that was treated as a motion for summary judgment pursuant to Fed.R. Civ.P. 12(b). The resulting opinion of May 15, 1984 dismissed TETCO's first, second,

fifth, sixth, seventh, and eighth causes of action for failure to state a claim. The third and fourth causes of action, which were deemed to allege "negligent performance of a service contract," survived the initial motion. GE has now renewed the motion, alleging that the third and fourth claims are barred both by the applicable statute of limitations and the warranty limitations in the service contract.

### Facts

Facts sufficient to resolve this motion are not in dispute and are set forth in the May 15, 1984 opinion and will be summarized here. GE is in the business of designing, manufacturing and selling gas turbines. In the early 1960s, TETCO purchased two 8000 HP, MS–3002 gas turbines designed and manufactured by GE for generating purposes.

TETCO removed one of the turbines for inspection and overhaul during the period August 14, 1970 through August 30, 1970 and sent it to GE's repair facilities for cleaning and inspection. From May 30, 1972 to June 21, 1972 the other turbine was sent to GE's Houston repair facility.

During 1970, GE became aware of the problem of dirt accumulation in turbines similar to those purchased by TETCO, specifically that dirt could become trapped between the Bucket platforms in the seal pin groove and in October 1970, GE issued a Technical Information Letter ("TIL") concerning the problem to many of its customers, but not to TETCO. GE also sent TILs to owners of the Turbines in 1973 and 1976. TETCO asserts that it did not receive the 1973 or 1976 TILs and did not have a timely or adequate warning of the information contained in the TILs. GE contends to the contrary.

In January 1982, both Tetco turbines failed. GE and TETCO are in agreement on the above stated facts except for the state of TETCO's knowledge about the information contained in the TILs and the nature of the damage resulting from the Buckets' failure.

### Discussion

■ In this diversity action New York choice of law rules. *Day and Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975); *Klaxton Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). New York's "borrowing statute," CPLR § 202, states:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued ...

If the causes of action alleged are barred by the applicable New York statute of limitations, the case must be dismissed, even if the causes of action would not be barred elsewhere.

Both TETCO and GE rely upon *Sears, Roebuck & Co. v. Enco Assoc., Inc.*, 43 N.Y.2d 389, 401 N.Y.S.2d 767, 372 N.E.2d 555 (Ct.App.1977), a recent Court of Appeals analysis of statutes of limitations in contract based negligence actions. *Sears* was an action against architects for negligence in the performance of a contract for the construction of a parking ramp. The contract was formed in 1967 between Sears and Enco, the architects. Work was commenced in 1967 and completed in 1968. In May 1970 cracks appeared in the structure, and in 1972 the action was commenced. The court held that, where there was no claim for personal injury, application of New York's contract statute of limitations was appropriate, because the obligation of the defendants, whether characterized in the complaint as tort or contract, arose out of the contractual relationship between the parties. "Absent the contract between them, no services would have been performed and thus there would be no claims." 401 N.Y.S.2d 770–71, 372 N.E.2d 558. The Court therefore permitted the plaintiff's contract based claims to continue, since they were commenced within the six year contract statutory period. *See Video Corp. v. Frederick Flatto Assoc.*, 58 N.Y.2d 1026, 462 N.Y.S.2d 439, 448 N.E.2d

1350 (Ct.App.1983) ("An action for failure to exercise due care in the performance of a contract insofar as it seeks recovery for damages to property or pecuniary interests recoverable in a contract action is governed by the six year contract Statute of Limitations.")

TETCO concedes that the contract statute of limitations bars this action, yet argues that in *Sears* the Court of Appeals held both the tort and contract statutes of limitation applicable. The *Sears* Court did state that "[i]n effect we are here applying both our State's six-year and its three-year statutes, in combination; the claim is not barred because the six year statute is applicable, but damages that may be recovered are limited because the three year statute is also applicable." *Sears, supra,* at 401 N.Y.S.2d 771–72, 372 N.E.2d 559. The Court held that where the case was founded upon a contractual relationship, an action for negligent performance brought within a three year period could recover either tort or contract damages while an action brought subsequent to the tolling of the tort statutory period yet prior to the running of the contract period could recover only contract damages.

Even though the Court applied both the tort and contract statutory limits, however, the Court began to run the tort statute of limitations from the date of contract, not the date of injury. Consequently, when the action was commenced in 1972, the tort statute barred tort recovery. Had the Court of Appeals run the tort statute of limitations from the date of injury in 1970, tort damages would have been available in an action commenced in 1972.

█ Applied to the facts of this case, the time to bring the actions expired in 1976 and 1978, six years subsequent to formation of the contracts. TETCO argues, relying on *Victorson v. Bock Laundry Machine Co.,* 37 N.Y.2d 395, 373 N.Y.S.2d 39, 335 N.E.2d 275 (Ct.App.1975), that because the *Sears* Court applied both the tort and contract statutes of limitations, the tort statute should not begin to run until the date of injury, 1982. TETCO's claim does not square with the court's handling of the dual running of the tort and contract statutes of limitations in *Sears,* as just explained. Moreover, in *Victorson* the Court of Appeals held only that in strict liability cases the statute would run form the date of injury. The Court cautioned that both the duration of the statute of limitations and its date of commencement would differ according to the theory underlying the particular case. "What we say here, therefore, should not be understood as in any way referring to the liability of a manufacturer of a defective product under familiar but different doctrines. [I]t may be open to a particular plaintiff to base his case on contract liability or negligence or strict liability, or on some combination thereof... On principle, there having been no prior relationship between the parties in strict products liability cases, the cause of action if any there be, should accrue at the time the injury is sustained." *Id.*

In *Sears,* as well as in the facts before the court, on the other hand, there was a prior relationship between the parties. The *Sears* court consequently ran the tort statute of limitations from 1967, the year of contract, not 1970, the year of injury, and found that the tort claim was barred. The tort statute of limitation in this case began to run in 1970 and 1972 respectively, and expired in 1973 and 1975, before this action was commenced.

## Conclusion

Because the New York statute of limitations bars this action, it is dismissed, and the court need not reach the issue of warranty limitations contained in the contract. The clerk is directed to enter judgment dismissing the case.

IT IS SO ORDERED.