803 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM ELMER MACKI, Plaintiff-Appellant
v.
FORD MOTOR COMPANY, Defendant-Appellee.
 No. 85-1647.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1986.
 
 BEFORE: JONES and NELSON, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 PER CURIAM
 
 1
 Plaintiff William Macki is appealing the district court's dismissal of his complaint alleging employment discrimination and breach of contract. We affirm the dismissal of the employment discrimination claim and remand the contract claim to the district court for further proceedings.
 
 
 2
 Macki was hired by the Ford Motor Company as a managerial employee in 1950. He began his employment with Ford in Monroe, Michigan, but in 1955 he was transferred to Sandusky, Ohio, where he has worked and resided ever since. In his complaint, Macki alleged that his work occasionally takes him to Michigan where he attends meetings and seminars.
 
 
 3
 He also alleged that on February 2, 1984, he was told he would receive a pay raise within his grade, but on February 16 he was told that a mistake had been made and the raise would not be given. Subsequently, Macki's position was downgraded from grade 9 to grade 8. Ford claimed that this was part of a reorganization.
 
 
 4
 Macki claimed that these actions were part of a pattern and practice and a conspiracy among ford officials in Michigan to pressure older Sandusky employees to retire, and was contrary to the policies governing his employment contract. He brought an action in the federal district court in Michigan under diversity jurisdiction claiming a violation of Michigan's Elliot-Larsen civil rights act, Mich. Comp. Laws Ann. Sec. 37.2101 et. seq. (West 1985), and breach of contract. Ford moved to dismiss or change venue to Ohio. The district court dismissed the action, ruling that under Michigan choice of law rules the law of Ohio, not Michigan, should govern Macki's discrimination claim and he had alleged no violation of Ohio law. The court did not deal with Macki's contract claim in its opinion. Although Ford's motion was presented as a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, the court considered materials - memoranda, an affidavit, and responses to interrogatories - that were not included in the pleadings; therefore, the dismissal will be treated as an entry of summary judgment.
 
 
 5
 Because this is a diversity action, Michigan's choice of law rules control. Day & Zimmermann, Inc. v. Challoner, 423 U.S. 3 (1975). In ruling on Macki's employment discrimination claim, the district court relied on a Michigan appellate opinion that is directly on point. In Severine v. Ford Aerospace and Communications Corp., 118 Mich. App. 769, 325 N.W. 2d 572 (1982), a Pennsylvania employee sued Ford in Michigan under the Elliot-Larsen Act. The court ruled that such a suit sounds in tort and is controlled by the rule of lex loci delecti - the place of injury. The court then held that, despite the fact that the discriminatory decisions might have been made in Michigan, their effect upon the plaintiff was felt only in Pennsylvania. Id. at 777. The court concluded that the law of Pennsylvania controlled. Id.
 
 
 6
 The only differences between the facts of Severine and this case is that Macki was employed in Michigan over thirty years ago, and he now occasionally goes to Michigan on business. These differences are not sufficient to depart from the holding of Severine. The district court was correct in ruling that the Elliot-Larsen Act did not apply to Macki's employment discrimination claim and properly dismissed it.
 
 
 7
 Macki's complaint also raised a claim of breach of contract. The district court, however, did not address this claim in its opinion. On remand, the court should address the merits of the breach of contract claim.
 
 
 8
 The judgment of the district court on the claim of employment discrimination is AFFIRMED and the case is REMANDED with instructions to consider Macki's breach of contract claim.