Roy A. NIEMANN, Jr., and Beverly S.N. Niemann, Plaintiffs,

v.

Buck T. ROGERS, Asuncion R. Agosti, and William B. Agosti, Defendants.

Civ. A. No. 90-051-JLL.

United States District Court, D. Delaware.

Sept. 17, 1992.

James J. Woods, Jr., of Connolly, Bove, Lodge & Hutz, Wilmington, Del. and F. Emmet Ciccone, Philadelphia, Pa., of counsel, for plaintiffs.

Beth H. Christman, and Kenneth M. Doss, of Casarino, Christman & Shalk, Wilmington, Del. for defendants.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

### I. INTRODUCTION

Before the Court is the motion for summary judgment brought by defendants Asuncion R. Agosti and William B. Agosti ("the Agostis") pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Agostis are the parents of codefendant Buck T. Rogers ("Mr. Rogers"). Plaintiffs Roy A. Niemann, Jr. and Beverly S.N. Niemann ("the Niemanns") initiated this action to recover damages for the injuries they allegedly sustained as a result of an automobile accident which occurred on Interstate Highway 95 near Christiana, Delaware, involving Mr. Rogers and Mr. Niemann on January 26, 1990. The Agostis and Mr. Rogers are citizens of the Commonwealth of Virginia and the Niemanns are citizens of the Commonwealth of Pennsylvania. The amount in controversy exceeds $50,000. The Court's jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332.

### II. FACTS

On January 26, 1990, Mr. Rogers left his home in Virginia to visit a friend who was attending Drexel University in Philadelphia, Pennsylvania. While en route, Mr. Rogers' automobile collided with the automobile operated by Mr. Niemann on Interstate Highway 95 near Christiana, Delaware. As a result, Mr. Niemann was allegedly injured. At the time of the accident, Mr. Rogers was nineteen years old and had been deaf for most of his life. Mr. Rogers had overcome his handicap, had earned a grade of "A" in his high school driver's education course, and had received a restricted driver's license from the Commonwealth of Virginia. The restriction requires that Mr. Rogers only operate vehicles with a sideview mirror. (Docket Item

["D.I."] 30, Exhibit ["Ex."] B.) On the date of the accident, Mr. Rogers was driving an automobile owned by his stepfather William B. Agosti who had given his adult stepson permission to use the vehicle for that trip. (D.I. 30 at A–53.) Thereafter, the Niemanns brought this lawsuit against Mr. and Mrs. Agosti and Mr. Rogers.

It is only the Niemanns' claims against the Agostis that are before the Court on this motion for summary judgment. Paragraph 8 of the Niemanns' Amended Complaint alleges that:

> Mr. and Mrs. Agosti were negligent in monitoring or supervising Mr. Rogers' driving and entrusting the Cordia [i.e., the car owned by Mr. Agosti,] to Mr. Rogers, who had insufficient skill, experience, judgment, or physical or mental capabilities to operate it safely.

(D.I. 17 at 5.) Before further consideration of the Agostis' motion for summary judgment, the Court must address a threshold matter raised by the Agostis in their brief in support of their motion. The Agostis contend that the allegations in paragraph 8 of the Niemanns' Amended Complaint consist of two separate claims, one claim of negligent monitoring and supervising of Mr. Rogers' driving and another claim of negligent entrustment of the automobile to Mr. Rogers. The Agostis argue that a grant of summary judgment as to both of these separate claims is appropriate. (D.I.

27.) At the oral argument held on September 14, 1992, however, counsel for the Niemanns conceded that there was only one claim advanced against the Agostis, that of negligent entrustment. In light of this concession by plaintiff's counsel, the Court will grant the Agostis' motion for summary judgment with respect to the claim of negligent monitoring and supervising without further explication. However, for the reasons stated more fully below, the Court will deny the Agostis' motion for summary judgment with respect to the negligent entrustment claim.

## III. THE NEGLIGENT ENTRUSTMENT CLAIM

### A. CHOICE OF LAW

A Federal District Court sitting in diversity must apply the choice of law rules of the state in which it sits to determine which state's law governs the controversy before it. *Klaxon Co. v. Stentor Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975). Therefore, the Court must apply the State of Delaware's choice of law rules. Because both parties agree that Delaware law governs this case and because the application of Delaware law to this case does not offend the State of Delaware's choice of law rules, the Court will apply Delaware law.[1]

---

1. Delaware has abandoned the rule of *lex loci delecti* for determining choice of law in tort cases and has adopted the "most significant relationship test" of the Restatement (Second) of Conflicts §§ 6, 145, 146. *Travelers Indemnity Company v. Lake*, 594 A.2d 38, 44–47 (Del.1991). Under the "most significant relationship test", six factors are considered in determining choice of law:

   (a) the needs of the interstate and international systems,
   (b) the relevant policies of the forum,
   (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
   (d) the protection of justified expectations,
   (e) the basic policies underlying the particular field of law,
   (f) certainty, predictability and uniformity of result, and
   (g) ease in the determination and application of the law to be applied.

*Travelers Indemnity Co.*, 594 A.2d at 47, *quoting* Restatement (Second) of Conflicts § 6 (1971). In applying the "most significant relationship test", Delaware courts place considerable emphasis upon, *inter alia*, "the place where the injury occurred" and "the place where the conduct causing the injury occurred". *Id.* at 47, *quoting* Restatement (Second) of Conflicts § 145 (1971). Moreover, the Delaware Supreme Court has directed Delaware courts to apply the law of the state where the injury occurred unless another state has a more significant relationship to the occurrence and the parties. *Id.* at 47, *quoting* Restatement (Second) of Conflicts § 146 (1971). Application of these principles to the present case reveals that Delaware has the most significant relationship to the present litigation and therefore, Delaware law should apply. Foremost, both the injury and the conduct causing the injury occurred in Delaware. Moreover, the State of Delaware has a paramount interest in the application of its laws to the conduct of motorists on its highways. Therefore, the appli-

The State of Delaware recognizes a cause of action sounding in tort against the owner of an automobile for the damages resulting from the owner's negligent entrustment of his automobile to one whom the owner knows, or has reason to know, to be so reckless or incompetent that in the driver's hands the automobile becomes a dangerous instrumentality. *Smith v. Callahan*, 144 A. 46, 51, 144 A. 46 (Del.1928) ("if the owner has been guilty of no negligence in permitting a given person to drive his car, that is to say if he has no reason to believe that the permittee is either reckless or incompetent, it occurs to us that he has been guilty of no wrong in lending his car and is chargeable with no harm ..."); *See Fisher v. Novak*, Del.Super.Ct., C.A. No. 88C–MY–21, 1990 WL 82153, Lee, J. (June 6, 1990) (Letter Opinion) at 2, 1990 WL 82153, at *1, 1990 Del.Super. LEXIS 205, at *2; *See also Finkbiner v. Mullins*, 532 A.2d 609, 615 (Del.Super.Ct.1987). Thus, the elements which the Niemanns must prove to establish the tort of negligent entrustment of an automobile are: (1) entrustment of the automobile by the owner; (2) to a reckless or incompetent driver such that in said driver's control the automobile becomes a dangerous instrumentality; (3) the owner knows or has reason to know that said driver is reckless or incompetent; and (4) said driver causes damage to the property or person of another by his operation of the automobile. With this standard of negligent entrustment, the Court will consider whether the movants are entitled to a grant of summary judgment.

## B. SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The party seeking summary judgment always bears the burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, affidavits, admissions, and answers to interrogatories which demonstrate the absence of a genuine issue of material fact. Where, as here, the nonmoving party opposing summary judgment bears the burden of proof at trial on the issue for which summary judgment is sought, the nonmoving party must make a showing sufficient to establish the existence of all elements essential to his case. In essence, the nonmoving party must demonstrate that there exists sufficient evidence for a reasonable jury to find for the nonmoving party on the issue for which summary judgment is sought. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make such a showing with respect to any essential element of his case with respect to which he has the burden of proof, the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Applying these principles to the present case, the Court concludes that a grant of summary judgment as to the Niemanns' negligent entrustment claim is inappropriate. The inquiry into whether the Agostis were negligent in their entrustment of their automobile to their adult son Mr. Rogers is fact based, and, on the record presented to this Court, the Court cannot hold that there exists no genuine issue of material fact with respect to this claim.

In their brief in support of their motion, the Agostis assert that there exists no material issue of fact with respect to two of the elements of the tort of negligent entrustment, that of the driver's recklessness or incompetence and that of the owner's knowledge of the driver's recklessness or incompetence. Therefore, the Agostis argue that they are entitled to summary judgment. The Court disagrees. The Niemanns have demonstrated enough evidence and the inferences arising therefrom to permit the issue to be resolved by a jury.

cation of Delaware law to this litigation is consistent with Delaware choice of law rules.

The Agostis argue that Mr. Rogers' exemplary performance in his driver's education course and the fact that he possesses a valid driver's license issued by the State of Virginia militate against a finding of recklessness or incompetence on his part. On the other hand, the Niemanns have offered some evidence of Mr. Rogers' two prior speeding tickets and have offered evidence of three collisions involving Mr. Rogers prior to his accident with Mr. Niemann.[2] (D.I. 28 at A–64, A–32–33, A–50.) The Court holds that this slight evidence when combined with Mr. Rogers' deafness, is enough to withstand the Agostis' motion for summary judgment.

With respect to the knowledge element of the tort of negligent entrustment, the Court also finds that the Niemanns have produced enough evidence to withstand the Agostis' motion for summary judgment. In their brief, the Agostis argue that although Mr. Agosti "had prior knowledge of some speeding tickets and the accident [involving Mr. Rogers] which occurred in October 1988 ... he continued to feel that his son was a good driver while making comments about ways to further improve Rogers' driving." (D.I. 27 at 13–14.) This argument is not completely determinative because the prior knowledge element of the tort of negligent entrustment of an automobile turns not on what the owner actually knew. Instead, the knowledge element of the tort is satisfied if there is sufficient evidence that the owner should have known of the driver's recklessness or incompetence before entrusting him with the use of an automobile. Thus, the Court is unable to conclude in light of the evidence of Mr. Rogers' deafness, his prior accidents, and his prior speeding tickets, that no reasonable jury could find that the Agostis should have known that their adult son was a reckless and incompetent driver. Therefore, an award of summary judgment in favor of the Agostis, is inappropriate and the issue should be left for determination by a jury.

Therefore, an order will be entered granting in part the Agostis' motion for summary judgment. With respect to the Niemanns' claim of negligent monitoring and supervising, summary judgment will be granted. With respect to the Niemann's claim of negligent entrustment, summary judgment will be denied.

---

2. In their brief in support of their motion for summary judgment, the Agostis contend that Mr. Rogers was involved in only two accidents prior to the accident with Mr. Niemann and that in each of the prior accidents Mr. Rogers was not at fault. (D.I. 13.) The merits of these arguments are more appropriately left for the jury to decide. Indeed, the Agostis' counterargument is proof positive that there exists a material issue of genuine fact as to whether Mr. Rogers' driving record supports a finding of recklessness or incompetence.