# United States Court of Appeals
## For the First Circuit

No. 08-1405

ZORAIDA MONTALVO, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE
ESTATE OF JUANA MONTALVO COLON,

Plaintiff, Appellant,

v.

CARLOS GONZALEZ-AMPARO, M.D., JANE DOE, CONJUGAL PARTNERSHIP
GONZALEZ-DOE, DAVID RIVERA-JIMENEZ, M.D., LILLIAM I. VELEZ,
CONJUGAL PARTNERSHIP RIVERA-VELEZ, GEORGE ALCANTARA-CARDI, M.D.,
JANE DOE, CONJUGAL PARTNERSHIP ALCANTARA-DOE, ELIZABETH MARTINEZ-
MATOS, DR. SUSONI HEALTH COMMUNITY SERVICES, CORP., HOSPITAL DR.
CAYETANO COLL Y TOSTE, HOSPITAL EL BUEN PASTOR, INC., POLICLINICA
DE SALUD DEL NORTE, INC., CENTRO DE DIAGNOSTICO Y TRATAMIENTO DE
VILLA LOS SANTOS, XYZ INSURANCE COMPANY, SECUROS TRIPLE-s, INC.,
SINDICATO DE ASEGURADORES PARA LA SUSCRIPCION DE SEGUROS DE
RESPONSABILIDAD PROFESSIONAL MEDICO HOSPITALARIA (SIMED), WALMAR
DOMENECH, JANE DOE, CONJUGAL PARTNERSHIP DOMENECH-DOE, YADIRA G.
MATEO-JIMENEZ, JOHN DOE, CONJUGAL PARTNERSHIP DOE-MATEO-JIMINEZ,
MANUEL MATOS, JANE DOE, CONJUGAL PARTNERSHIP MATOS-DOE, JOSE
ROLON, JANE DOE, CONJUGAL PARTNERSHIP ROLON-DOE, MIGUEL ROMAN-
PAGAN, JANE DOE, CONJUGAL PARTNERSHIP ROMAN-DOE, SERVICOS
RADIOLOGICOS ASSOCIADOS, d/b/a Arecibo Radiology Imaging Center,
CONJUGAL PARTNERSHIP MARTINEZ-DOE,

Defendants, Appellees,

VICTOR PEREZ-ORENGO, JANE DOE, CONJUGAL PARTNERSHIP PEREZ-DOE,
AMADO VELEZ-RIVERA, JANE DOE, CONJUGAL PARTNERSHIP VELEZ-DOE,
MARIA ALONSO-SUAREZ, M.D., JOHN DOE, CONJUGAL PARTNERSHIP DOE-
ALONSO, JORGE PEREZ-BLAS, M.D., JANE DOE, CONJUGAL PARTNERSHIP
PEREZ-DOE, FRANCISCO DE-LA-CRUZ, M.D., JANE DOE, CONJUGAL
PARTNERSHIP DE-LA-CRUZ-DOE, I.P.A. POLICLINICA VILLA LOS SANTOS,
INC., GRUPO MEDICO DE SALUD DEL NORTE, C.S.P., ARTURO MELERO,
VICTOR PEREZ-ORENGO, MAYRA ARLENE TORRES-MORALES, LYDIA VELEZ,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José A. Fusté, U.S. District Judge]

———————————

Before

Lynch, Chief Judge,
Leval[*] and Lipez, Circuit Judges.

———————————

    Tania M. Pagan with whom The Pagan Law Firm, P.C. was on brief for appellant.
    Hector E. Ramírez-Carbo with whom Ramonita Dieppa Gonzalez and Vivas & Vivas Law Office were on brief for appellees.

———————————

November 16, 2009

———————————

———————————

[*]Of the Second Circuit, sitting by designation.

**LEVAL, Circuit Judge**. Plaintiff Zoraida Montalvo (hereinafter "Zoraida" or the "daughter") appeals from the judgment of the United States District Court for the District of Puerto Rico dismissing as time-barred her suit alleging malpractice by the providers of medical care to her deceased mother, Juana Montalvo-Colón (hereinafter "Juana" or the "mother"). Because we conclude that Zoraida brought the action within the time allowed by the applicable statute of limitations, we vacate the judgment and remand for further proceedings.

### BACKGROUND

From February 1999 to February 2003, the Defendants provided medical care to Juana. In February 2003, she was diagnosed for the first time with lung cancer. She then traveled to New York, where she was admitted to St. Vincent's Hospital on Staten Island and was found to have terminal, Stage IV lung cancer. She was discharged on March 5, 2003 and remained in New York with her daughter Zoraida until her death a month and a half later, on April 20, 2003.

On April 20, 2004,[1] one year after her mother's death, Zoraida filed a complaint in the United States District Court for Puerto Rico. Under Puerto Rico's general tort statute, 31 L.P.R.A. §

---

[1]On June 22, 2004, the initial, April 20, 2004 complaint was dismissed without prejudice because Plaintiff lacked local counsel. Plaintiff re-filed the complaint on June 21, 2005. The parties agree that April 20, 2004 is the relevant filing date for statute of limitations purposes.

5141,[2] the suit claimed entitlement to damages for medical malpractice on two different theories. One claim, brought by Zoraida as administrator and heir of her mother's estate, sought damages for the pain suffered by her mother as the result of the Defendants' malpractice. The second claim was Zoraida's personal claim, seeking damages for her own emotional suffering (as well as expenses incurred) as the result of the Defendants' malpractice which resulted in the wrongful death of her mother.[3]

The Defendants moved for summary judgment on the theory that the suit was untimely under Puerto Rico's one year limitation period. They took the position that the claims had accrued by March 5, 2003, the date Juana was discharged from St. Vincent's hospital with a diagnosis of advanced, terminal cancer, which gave notice to both mother and daughter of any failure on the part of the Defendants to diagnose properly. Because the suit was not filed until more than one year later, they argued it was untimely.

The court granted summary judgment, finding the suit untimely.

---

[2]The Puerto Rico tort statute provides: "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 L.P.R.A. § 5141.

[3]Under Puerto Rico law, the tort of wrongful death gives rise to two separate actions: "one is the personal action of the original victim of the accident for the damages that the same suffered; and the other, the action which corresponds exclusively and by own right to the deceased's close relatives for the damages the death of their predecessor caused them." Viuda de Delgado v. Boston Ins. Co., 101 D.P.R. 598, 602 (1973), translation available at 1973 WL 35626.

The court reasoned that the claims accrued during February or March 2003 when Zoraida and her mother heard the diagnosis of the New York doctors at which time they knew or should have known of the inadequacy of the medical care received in Puerto Rico. Because the suit was not brought until April 20, 2004, which was more than a year after the district court found the claim had accrued, the court ruled that it was barred by the statute of limitations. Montalvo v. González Amparo, Civ. No. 05-1665 (JAF) (D.P.R. Feb. 20, 2008).

### DISCUSSION

"We review the district court's decision to grant defendant's motion for summary judgment on statute of limitations grounds de novo, construing the record in the light most favorable to the non-moving party." Douglas v. York County, 433 F.3d 143, 149 (1st Cir. 2005). "We will affirm if, based on our independent review of the evidentiary record, there is no genuine issue of material fact and the undisputed facts indicate that the moving party is entitled to judgment as a matter of law." Id. (citing Fed. R. Civ. P. 56(c)).

## I.  Statute of Limitations

A federal court sitting in diversity applies the choice of law rules of the forum state. See Day & Zimmerman, Inc. v. Challoner, 423 U.S. 3, 4 (1975). "Puerto Rico applies the law of the place of the tort, the lex loci delicti"; accordingly, Puerto Rico law

governs the action.  <u>Jiminez Puiq</u> v. <u>Avis Rent-a-Car Sys.</u>, 574 F.2d 37, 40 (1st Cir. 1978).  When applying Puerto Rico law to substantive matters, Puerto Rico courts also apply Puerto Rico's statute of limitations, as well as the concomitant tolling provisions of those statutes.  <u>Valedon Martinez</u> v. <u>Hosp. Presbiteriano de la Comunidad, Inc.</u>, 806 F.2d 1128, 1133 (1st Cir. 1986).

The limitation period for actions brought under § 5141 is one year "from the time the aggrieved person had knowledge thereof." 31 L.P.R.A. § 5298(2).  Accordingly, the claims are not barred if they accrued on or after April 20, 2003 (one year before the initial complaint was filed) or if the statute of limitations was tolled to that date.

The district court determined that the claims had accrued by March 5, 2003, when Juana was discharged from St. Vincent's Hospital with a diagnosis of advanced cancer, and found no basis for tolling the one-year statute.  We disagree, and find that each of Plaintiff's claims was within the limitations period.

**A.  Zoraida's Personal Claim**

Section 5141 of the Puerto Rico Civil Code, as construed by the courts of Puerto Rico, provides that a close relative (including a child) of a victim of a tort may sue for her own mental suffering occasioned by the suffering of the direct victim of the tort, without need to show that the plaintiff incurred

- 6 -

either physical injury or economic loss.  See Correa v. Hosp. San Francisco, 69 F.3d 1184, 1197 (1st Cir. 1995)(explaining that under this section, "mental suffering is generally just as compensable as physical harm"  (internal quotation marks omitted) (quoting Burke v. Compagnie Nationale Air France, 699 F.Supp. 1016, 1018 (D.P.R. 1988))); see also Commercial Union Ins. Co. v. Gonzalez Rivera, 358 F.2d 480, 483 (1st Cir. 1966) ("[I]t is clear that under Puerto Rican law the sons and daughters of [a person] who was injured as a result of the wrongful act of the defendant, have a right of action for mental suffering, anguish and anxiety caused to them by reason of their father's injuries.  In other words, sons and daughters have a sufficiently close relatio[n]ship to their injured father to come within the scope of . . . Section [5141]; and their resulting mental pain, suffering and anguish are recognized as an element of damages.").  Zoraida's complaint alleges that she (Zoraida) suffered damages in the form of "serious mental anguish and moral pain as a result of the death of" her mother, as well as funeral expenses, and therefore states her own personal claim for the wrongful death of her mother.

Under Puerto Rico law, such a claim for wrongful death "arises at the time of death." Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 14 (1st Cir. 2005).  The date of accrual for the daughter's personal claim was therefore no earlier than April 20, 2003, the day her mother died, and her complaint, filed on April

20, 2004, was within the one-year statute of limitations.

**B.  Zoraida's Inherited Claim**

Puerto Rico law provides that a decedent's claim for tortiously inflicted pain and suffering sustained by the decedent prior to death can be transmitted to her heirs.  See Morel v. Daimler Chrysler AG, 558 F. Supp. 2d 147, 148 (D.P.R. 2007) ("The Puerto Rico Supreme Court has generally determined that a civil cause of action to redress bodily injuries or moral suffering sustained prior to death may be transmitted to one's heirs so long as the cause of action is not 'so personalized that it depends on the continued natural life of the deceased.'" (quoting Viuda de Delgado, 101 D.P.R. at  602)).  In addition to her personal claim for her own suffering, Zoraida, as administratrix and heir of her mother's estate, brings such a claim seeking damages for her mother's suffering as a result of the Defendants' medical malpractice.

The Defendants contend that the mother's claim was extinguished by prescription one year after the diagnosis at the New York hospital in February 2003 made her aware of the earlier failure of the Defendants to diagnose her cancer.  However, under Puerto Rico law, the statute of limitations for such a claim is extended by operation of 32 L.P.R.A. § 255.

Section 255 provides: "If a person entitled to bring an action dies before the expiration of the term limited for the commencement

thereof, and the cause of action survives, an action may be commenced by his representatives, after the expiration of that time, and within one year [of] his death." 32 L.P.R.A. § 255 (alteration in original). Juana died on April 20, 2003, within the one-year limitations period that applied to her malpractice claim. Her claim survived in her heirs. Therefore under § 255, suit could be "commenced by [her] representative" after the expiration of the decedent's time to bring the claim, within one year of Juana's death. Zoraida brought the suit within one year of her mother's death. The suit is therefore timely.[4]

The Defendants argue that Plaintiff should not be permitted to rely on § 255 because she did not cite that section in her papers in the district court. It is true that, "[o]rdinarily, an appellant who has not proffered a particular claim or defense in the district court 'may not unveil it in the court of appeals.'" Nat'l Ass'n of Soc. Workers v. Harwood, 69 F.3d 622, 627 (1st Cir. 1995) (emphasis added). See also United States v. Slade, 980 F.2d 27, 31 (1st Cir. 1992) ("[A] party is not at liberty to articulate specific arguments for the first time on appeal simply because the general issue was before the district court."); McCoy v. Mass.

---

[4]The Defendants contend § 255 applies only to estates constituted under Puerto Rico law and is therefore inapplicable to Juana's estate established under New York law. This misreads § 255, which extends the statute of limitations for such inherited claims without suggesting in any way that it applies only to estates probated in Puerto Rico.

Inst. of Tech., 950 F.2d 13, 22 n.7 (1st Cir. 1991) ("Courts are entitled to expect represented parties to incorporate all relevant arguments in the papers that directly address a pending motion."). We nevertheless reject the Defendants' argument for two reasons. First, whether a contention has or has not been raised in a proceeding is not always absolutely clear; it is at times a matter of degree. In this instance, Plaintiff had put before the court the relevant facts and had argued correctly that the date of accrual of her claim was the date of her mother's death. Second, as we made clear in Harwood, the rule that forbids reliance on appeal on a theory not fully explained in the lower court proceeding "in the last analysis, . . . is a matter of discretion . . . [which] admits of an occasional exception." Harwood, 69 F.3d at 627. In that case, we allowed the defendants to raise a defense which they had completely omitted from their arguments in the district court. We noted several factors that supported our decision to allow an exception to the customary principle, some of which are applicable here as well. First, it was "not a case in which, by neglecting to raise the issue in a timely manner, a litigant has deprived the court of appeals of useful factfinding. . . . [T]he omitted issue [was] purely legal in nature." Id. at 627. Second, as here, "the omitted argument [was] highly persuasive, a circumstance that often inclines a court to entertain a pivotal argument for the first time on appeal." Id. at 628

(citation and internal quotation marks omitted).  The Defendants offer no refutation of Plaintiff's argument based on § 255.  Third, "[w]e [saw] no special prejudice or inequity to the [adversary]. . . . The absence of unfairness has a definite bearing on a decision to overlook this type of a procedural default."  Id.  There would be no unfairness here in giving Plaintiff the extension of time to sue provided by the law of Puerto Rico.  Finally, "the omission [was] entirely inadvertent . . . [and] yielded no tactical advantage."  Id.

It is true that two of the factors we relied on in Harwood are not present here.  Those were the "constitutional magnitude" of the belated proffer, and that it "implicate[d] matters of great public moment," which factor we described as "perhaps [the] most salient" for our decision.  Id.  Nonetheless, we think Plaintiff should be permitted on this record to rely on § 255.  Considering the fact that the issue was raised, albeit in incomplete fashion, in the district court, together with the several factors enumerated above that favor granting Plaintiff a reprieve, we have concluded that this is an instance in which a party will be allowed on appeal to rely on an argument of law which the party did not develop in the district court as fully as it should have.[5]

---

[5]The Defendants also contend that Zoraida was ineligible to bring the inherited claim for her mother's suffering for the benefit of the mother's heirs because at the time she brought suit she had not yet been named administratrix of her mother's estate. The Defendants' motion to dismiss in the district court was based,

**CONCLUSION**

For the foregoing reasons, we vacate the judgment of the district court dismissing the suit, and remand for further proceedings.[6]  Costs are taxed in favor of the Appellant.

---

in part, on that theory, but the district court made no ruling on it.  As the Defendants acknowledge, however, Zoraida has since been appointed by a New York court as administratrix of her mother's estate.  Even if it would have been appropriate to dismiss without prejudice before the qualification of an administrator, it appears that deficiency has since been cured.  We leave the issue to be dealt with in the first instance in the district court in the event the Defendants make a new motion upon remand.

[6]The Defendants contend Zoraida's claim for her mother's pain and suffering should be dismissed for lack of diversity because her mother Juana, like the defendants, was a domiciliary of Puerto Rico. The district court did not address this contention.  We leave it to the district court to consider in the first instance.