# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2013

No. 12-20766
Summary Calendar

Lyle W. Cayce
Clerk

MIKE CARRILLO,

Plaintiff-Appellant,

v.

TIFCO INDUSTRIES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-3682

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Mike Carrillo ("Carrillo"), appeals the district court's grant of summary judgment in favor of Defendant-Appellee Tifco Industries, Inc. ("Tifco") on his retaliatory discharge claims under Tennessee common law and the Tennessee Public Protection Act ("TPPA"). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20766

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Tifco is a Houston, Texas based company that sells maintenance and repair products.  Military customers account for approximately ten percent of Tifco's sales.  In February 2009, Tifco hired Carrillo as a Military Sales Trainer ("MST").  As an MST, Carrillo instructed Tifco salespeople as to military procedures and accompanied them to sales meetings on military bases around the United States.  In June 2010, Tifco terminated Carrillo.  According to Tifco, Carrillo was fired because he engaged in several varieties of misconduct.  Tifco alleges that Carrillo intimidated and mistreated other Tifco employees, worked for another company on Tifco's time, and submitted false information to the company in his weekly reports.

In March 2011, Carrillo filed a lawsuit in Tennessee state court alleging that he was wrongfully discharged in violation of the TPPA and under Tennessee common law.  According to Carrillo, Tifco fired him because he reported the company to the Criminal Investigations Division of the United States Army ("CID").  Carrillo represented to CID that Tifco's CEO paid a government contractor to provide information that would give Tifco an unfair advantage in obtaining federal contracts.

Tifco removed the action to federal court pursuant to 28 U.S.C. §§ 1332 and 1441.  The United States District Court for the Middle District of Tennessee transferred the case to the United States District Court for the Southern District of Texas pursuant to a forum selection clause contained in a "Sales Agent Agreement" between Tifco and Carrillo, which required that the matter be adjudicated in a court of competent jurisdiction in Harris County, Texas.

Tifco moved for summary judgment, arguing that: (1) Texas law governed the dispute and barred Carrillo's claims under Tennessee law; and (2) in the event Tennessee law applied, Carrillo had not raised a genuine issue of material fact as to his claims for retaliation.  In response to the motion, Carrillo argued,

2

inter alia, that Tennessee law applied to the dispute and that he had established issues of material fact that made summary judgment inappropriate. The district court granted summary judgment in favor of Tifco and dismissed Carrillo's claims under both Texas and Tennessee law. Carrillo appeals herein.

## II.  DISCUSSION

### A.     Standard of Review

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002) (citation omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view all of the evidence and draw all inferences in the light most favorable to the nonmoving party, "and all reasonable doubts about the facts should be resolved in favor of the nonmoving party." *Terrebonne*, 310 F.3d at 877 (citation omitted).

### B.     Choice of Law

Carrillo argues on appeal that Tennessee state law applies in this case while Tifco argues that Texas law applies. In a diversity case, the conflict of law rules of the state in which the district court is located are used to determine the applicable law. *See Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 4 (1975) ("[T]he conflict-of-laws rules to be applied by a federal court in Texas must conform to those prevailing in the Texas state courts."). This is an appeal from the Southern District of Texas. We therefore apply Texas conflict of law rules in this case. *See Bailey v. Shell Western E&P, Inc.*, 609 F. 3d 710, 722 (5th Cir. 2010).

In a choice of law analysis, "Texas courts initially determine whether there is a conflict between Texas law and the other potentially applicable law." *Id.* (citation omitted). Carrillo asserts a Tennessee common law claim of retaliatory

discharge against Tifco.  The elements of a Tennessee common law retaliatory discharge claim are as follows:

> 1. The plaintiff must show that an employment-at-will relationship existed;
> 2. That he was discharged;
> 3. That the reason for his discharge was that he attempted to exercise his statutory or constitutional right, or for any other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision; and
> 4. That a substantial factor in the employer's decision to discharge him was his exercise of a protected right or his compliance with clear public policy.

*Franklin v. Swift Transp. Co. Inc.*, 210 S.W. 3d 521, 528 (Tenn. Ct. App. 2006).

Carrillo also asserts a claim for retaliatory discharge under the TPPA. To prevail under the TPPA, Carrillo must establish the following elements:

> (1) his status as an employee of the defendant employer;
> (2) his refusal to participate in, or remain silent about, "illegal activities" as defined under the Act;
> (3) his termination; and,
> (4) an exclusive causal relationship between his refusal to participate or remain silent about illegal activities and his termination.

*See Franklin*, 210 S.W.3d at 527 (2011); *see also* Tenn. Code Ann. § 50-1-304.

Texas does not recognize, at common law or otherwise, a general cause of action for retaliatory discharge of a private employee who reports the illegal activities of others in the workplace.  *See Austin v. HealthTrust, Inc.–The Hosp. Co.*, 967 S.W.2d 400, 403 (Tex. 1998) (With respect to whistleblower causes of action, "the Legislature has enacted a variety of private remedies and has declined to create a cause of action that would have general applicability.").  However, the Texas Supreme Court created a narrow exception to the general rule in circumstances where an employee is discharged "for the sole reason that the employee refused to perform an illegal act."  *Robertson v. Bell Helicopter*

No. 12-20766

*Textron, Inc.*, 32 F. 3d 948, 952 (5th Cir. 1994) (citing *Sabine Pilot Serv. Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985)).

### 1. Texas Common Law and the TPPA

Texas common law conflicts with the TPPA because Texas common law only protects employees who are terminated for the sole reason that they refused to perform an illegal act. The TPPA is more expansive in that it protects employees who are terminated because they refused to participate in *or remain silent about* illegal activity.

### 2. Texas Common Law and Tennessee Common law

Texas common law also conflicts with Tennessee common law. In a claim for retaliatory discharge, Texas common law provides relief for employees who are discharged for the *sole reason* that they refused to perform an illegal act. Tennessee common law, however, only requires a showing that the employee's refusal to perform an illegal act was a *substantial factor* in the employer's decision.

### 3. Most Significant Relationship Test

Texas courts resolve conflicts of law in tort claims by applying the "most significant relationship" test set forth in the Restatement (Second) of Conflicts of Laws. *See Gutierrez v. Collins*, 583 S.W.2d 312, 318–19 (Texas 1979) ("[I]t is the holding of this court that in the future all conflicts cases sounding in tort will be governed by the 'most significant relationship' test as enunciated in Sections 6 and 145 of the Restatement (Second) of Conflicts."); *see also Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 661 (Tex. 2012) (recognizing that a Texas common law claim for retaliatory discharge is a claim sounding in tort). Section 6 states:

> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

No. 12-20766

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6 (1971).

For tort cases, the Restatement instructs courts to consider the following factors in determining which state possesses the most significant relationship:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include
>
> > (a) the place where the injury occurred,
> > (b) the place where the conduct causing the injury occurred,
> > (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and,
> > (d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflict of Laws § 145 (1971).

In our application of the most significant relationship test, we have stated that the factors should be considered for their quality and not their quantity. *See Spence v. Glock, Ges.m.b.H.*, 227 F. 3d 308, 312 (5th Cir. 2000) (citation omitted). In this case, Carrillo's injury, i.e., his loss of employment, occurred in his home state of Tennessee. *See Gann v. Freuhauf Corp*, 52 F.3d 1320, 1325

No. 12-20766

(5th Cir. 1995) (finding that in a wrongful termination case the injury occurred in the plaintiff's state of residence).   Tifco is a Texas corporation with its headquarters in Cypress, Texas.  Tifco made its decision to terminate Carrillo in Texas.   The record indicates that Carrillo traveled to Texas regularly pursuant to his duties as a Tifco employee.  Carrillo's direct supervisor was located in Texas and Carrillo's personnel records were maintained in Texas.

Carrillo's Tennessee residency is the sole factor that weighs in favor of applying Tennessee law to this dispute.  Nothing in the record indicates that Tifco employees traveled to Tennessee to train with Carrillo or that Carrillo engaged in any official professional activities on Tifco's behalf in Tennessee. Tifco's physical, functional, and corporate existence in the state of Texas weigh in favor of the application of Texas law.  Moreover, Texas has a substantial interest in having its employment laws apply to Tifco, a Texas corporation.  An examination of the contacts between the parties and the pertinent forums clearly indicates that Texas is at the center of this employment relationship. Accordingly, we apply Texas law to Carrillo's retaliatory discharge  claims.

## C. Analysis

As stated above, Texas does not recognize a cause of action for retaliatory discharge for employees who report illegal activities of others in the work place. *See Austin*, 967 S.W.2d at 403.  The narrow exception to the general Texas rule allows for claims when an employee is discharged for the sole reason that he refused to perform an illegal act.  *See Sabine*, 687 S.W.2d at 735.  Here, Carrillo does not allege that he refused to perform an illegal act, nor does he allege that he was urged by Tifco to perform an illegal act.  Moreover, Carrillo stated unequivocally in his deposition that no one from Tifco ever asked him to perform an illegal act. Carrillo's claims, therefore, are limited to his assertion that Tifco terminated him because he reported their CEO's illegal activity to CID.  As previously stated, Texas does not recognize a common law cause of action for the

retaliatory discharge of an employee who reports illegal activities of others in the workplace. Because his allegations against Tifco do not fall within the narrow exception discussed above, Carrillo cannot sustain a Texas cause of action for retaliatory discharge.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of Tifco.