Helen C. SHINNERS and William Shinners, Plaintiffs,

v.

K–MART CORPORATION, a foreign corporation, Defendant.

Civ. A. No. 93–138–JLL.

United States District Court, D. Delaware.

March 7, 1994.

Melanie K. Sharp and Vincent J.X. Hedrick II of Young, Conaway, Stargatt & Taylor, Wilmington, DE, for plaintiffs.

William J. Cattie III and Patricia Bartley Schwartz of Heckler & Cattie, Wilmington, DE, for defendant.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

### I. INTRODUCTION

Defendant, K–Mart Corporation, has moved for summary judgment, (Docket Item ["D.I."] 56), against plaintiffs Helen C. and William Shinners, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs filed this action to recover for an alleged hip injury sustained on March 20, 1991, by Helen C. Shinners, then 78 years of age, when she fell in a K–Mart store near Claymont, Delaware. (D.I. 1.) On October 27, 1993, plaintiffs filed a motion to compel discovery alleging that defendant's 30(b)(6) designee was not sufficiently prepared. (D.I. 29.) On November 5, 1993, defendant filed a motion for summary judgment. (D.I. 36.) On December 2, 1993, this court held a hearing on the discovery issue, entered an order compelling additional discovery, and extended the discovery cut-off date. It also denied defendant's summary judgment motion but allowed the defendant to renew the motion after the completion of the additionally ordered discovery. (D.I. 50.) Upon completion of discovery on February 1, 1994, the defendant renewed its motion for summary judgment. (D.I. 56.)

For the reasons set forth below, this Court finds that the plaintiffs have failed to produce evidence sufficient for a reasonable jury to return a verdict in plaintiffs' favor and accordingly this Court will grant defendant's motion for summary judgment.

Plaintiffs, Helen C. Shinners and William Shinners, are citizens of the State of Pennsylvania. The defendant, K–Mart Corporation is a corporation of the State of Michigan. The amount in controversy exceeds, exclusive of interest and costs, fifty-thousand dollars. The Court's jurisdiction is based on diversity of citizenship in accordance with 28 U.S.C. § 1332. (D.I. 1.)

### II. FACTS

The facts in the light most favorable to the plaintiffs are as follows. On March 20, 1991, Mrs. Shinners was walking in defendant K–Mart's Tri–State Mall Department Store when she fell on a white spot. (D.I. 37, Ex. A.) After she fell, an unidentified man and his wife helped Mrs. Shinners up. *Id.* at 12–13. As he did so, the man told Mrs. Shinners that the substance was wet and that his wife had also slipped on the same thing "back awhile ago" but that his wife had not fallen. *Id.* at 12. After the fall, Mrs. Shinners walked to the K–Mart restaurant where she met her husband who was waiting for her. *Id.* There, she told her waitress about her fall, and the waitress called a manager over to talk to Mrs. Shinners. An accident report was filed by a K–Mart employee. *Id.* at 14–16.

Mrs. Shinners did not look at the spot after she fell and never went back to look at the spot. *Id.* at 12, 14. In addition, she never examined her clothing to determine what she might have fallen upon. *Id.* at 13. However, she did see a spot at some point and seemed to remember that it was white. *Id.* at 12, 14.

It is undisputed that it is K-mart's policy for an assistant manager and the general manager to tour the sales floor at least once a day in the morning. In addition, all employees have the duty and responsibility to monitor the sales floor for spills or other hazards throughout the day. (D.I. 45, Ex. D, pp. 22, 29.)

### III. CHOICE OF LAW

▮ A Federal District Court sitting in diversity must apply the choice of law rules of the state in which it sits to determine which state's substantive law governs the controversy before it. *Day & Zimmermann, Inc. v. Challoner,* 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975); *Klaxon Co. v. Stentor Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Therefore, this Court must apply the State of Delaware's choice of law rule. In determining choice of law in tort actions, Delaware has adopted the "most significant relationship test" of the Restatement (Second) of Conflicts §§ 6, 145,

146. *Travelers Indemnity Co. v. Lake,* 594 A.2d 38, 44–47 (Del.Supr.1991). In applying the "most significant relationship test," Delaware courts place considerable emphasis on "the place where the injury occurred" and "the place where the conduct causing the injury occurred." *Id.* at 47. Moreover, the Delaware Supreme Court has directed Delaware courts to apply the law of the state where the injury occurred unless another state has a more significant relationship to the occurrence and the parties. *Id.* Since both the injury and any alleged negligence which may have caused it occurred in Delaware, application of the "most significant relationship test" to the present case indicates that Delaware substantive law would govern.

## IV. DISCUSSION

 It is well settled in Delaware that a landowner is not an insurer of his business invitees' safety. *Hess v. United States,* 666 F.Supp. 666, 670 (D.Del.1987); *Robelen Piano Co. v. DiFonzo,* 169 A.2d 240, 244 (Del. 1961). In fact, a landowner is only liable to his business invitees if and only if the business invitee proves each of the following elements:

(1) the injuries were caused by an unreasonably dangerous condition on the premises,

(2) which the owner knew about or with the exercise of reasonable care would have known about,

(3) which the invitee would not be expected to discover for himself, and

(4) the owner failed to use reasonable care to protect the invitee against the danger.

*Callaway v. Scrivner, Inc.,* No. 90C–AP1, 1991 WL 113437, at *1 (Del.Super. June 12, 1991). *See Hess,* 666 F.Supp. at 670; *DiOssi v. Maroney,* 548 A.2d 1361, 1366 (Del.Super.1988), citing Restatement (Second) of Torts § 343.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgement "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The appropriate inquiry is whether there is a need for a trial. "In other words, [are] there any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The Supreme Court has clearly held, however, that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511. (Citation omitted.) Specifically, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon a motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

 The plaintiffs in this case have failed to make a showing sufficient to establish an essential element of their case, namely that the defendant knew or should have known about the dangerous condition.[1] The only evidence relevant to whether the defendants knew or should have known about the white spot is the statement of an unidentified man that his wife had also fallen on the same spot "back awhile ago." This statement is clearly hearsay under the Federal Rules of Evidence and will be excluded unless it comes under an exception. Fed.R.Evid. 801(c) & 802.

The plaintiffs argue that the unidentified man's statement comes under the excited utterance exception. Whether a statement comes under the excited utterance exception

---

1. Since the plaintiffs have failed to make a sufficient showing as to this element, it is unnecessary for this Court to discuss the other elements. However, for purposes of discussing the second element, whether the defendant knew or should have known about the dangerous condition, it is assumed arguendo that the white spot was a dangerous condition.

to the hearsay rule lies within the discretion of the trial judge. *David By Berkeley v. Pueblo Supermarket,* 740 F.2d 230, 235 (3d Cir.1984). The burden of establishing the facts which qualify a statement as an excited utterance rests with the proponent of the evidence. *Id.*

In order to meet this burden, the proponent must establish that: (1) a startling occasion occurred, (2) the statement was made before time to fabricate, (3) the statement was made by a declarant who appears to have had opportunity to observe the events personally, and (4) the statement relates to the circumstance of the occurrence. *Id.; Miller v. Keating,* 754 F.2d 507, 510 (3d Cir.1985).

The plaintiffs contend that *David By Berkeley* supports their proposition that the statement made by the unidentified man was an excited utterance. However, this Court does not find *David By Berkeley* persuasive in the present case. In *David By Berkeley,* the Third Circuit held that a statement, heard by three people who testified at the trial, made by an identified declarant after she saw a woman who was eight months pregnant fall directly on her stomach was an excited utterance. However, the Third Circuit in *David By Berkeley* also noted that the district court had "reached the very outer bounds of his permissible discretion...." *Id.* at 235 In the present case, the declarant made a statement, heard only by Mrs. Shinners, after he saw an elderly woman fall on her side. To hold that this statement was an excited utterance would require this Court to go beyond the "very outer bounds" of its permissible discretion.

Furthermore, the declarant in *David by Berkeley* was identified although unavailable. In the present case, the declarant is not only unavailable but is also unidentified. When the hearsay declarant is unidentified, the party seeking to introduce the hearsay statement carries a heavier burden to demonstrate the statement's circumstantial trustworthiness. *Miller,* 754 F.2d at 510. Since the plaintiffs failed to even meet its regular burden of showing facts sufficient to establish the statement as an excited utterance, it is clear that the plaintiffs have not met the heavier burden required by the Third Circuit when the declarant is unidentified.

█ Other than this hearsay, the plaintiffs have produced no other evidence as to whether the defendant knew or with the exercise of reasonable care should have known about the unreasonably dangerous condition. There is no evidence whatsoever suggesting that the defendant had actual knowledge of the white spot. In addition, there is no evidence of the size of the spot, of what it consisted, or how long it was on the floor. Without such evidence there is no way for a jury to reasonably determine whether the substance was on the floor a few seconds, a few minutes, or a few days and thus no way for a jury to reasonably determine whether K–Mart should have discovered the spot with the exercise of reasonable care. *See Howard v. Food Fair Stores, New Castle, Inc.,* 201 A.2d 638, 639, 641 (Del.Supr.1964) (there was an issue of fact whether the defendant knew or should have known because there was evidence that the dangerous condition had been there for some time—there were black marks, one inch wide and parallel to each other, which may have been caused by wheels of carts and the area was inspected fifteen minutes before the plaintiff fell and no one came to her aid for fifteen minutes after she fell); *Robelen Piano Company,* 169 A.2d at 244 (there was an issue of fact about whether the defendant knew or should have known since there was evidence that the dangerous condition existed for at least one-half to three-quarters of an hour before the plaintiff fell); W. Page Keeton *et al., Prosser and Keeton on the Law of Torts* § 61, at 426–427 (5th ed. 1984) ("[t]he mere existence of a defect or danger is generally insufficient to establish liability, unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it").

## V. CONCLUSION

Since the plaintiffs have failed to make a sufficient showing as to an essential element of their case there is no issue of fact for trial, and this Court must grant the defendant's motion for summary judgment as a matter of law.

A judgment will be entered forthwith in accordance with this opinion.